THE MORRIS PLAN COMPANY OF BETTENDORF, Plaintiff-Appellant, *v.* HAROLD M. JOHNSON *et al.*, Defendants-Appellees.

(No. 70-61;

Third District—July 2, 1971.

718

Harold C. Lounsberry, of Rock Island, for appellant.

Sidney S. Deutsch, of Rock Island, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Mercer County.

The Morris Plan Company of Bettendorf, an Iowa corporation, hereinafter referred to as the plaintiff, brought action in the circuit court of Mercer County to foreclose a mortgage against Harold M. Johnson and Sylvia E. Johnson, hereinafter referred to as the defendants. A mortgage and a lien on a 1963 Kenworth diesel truck tractor were given by the defendants to the plaintiff as security for a promissary note covering the loan of money by the plaintiff to the defendants for the purchase of the truck tractor and certain other loans. The defendants defaulted on the loan payments and voluntarily turned the truck back to the plaintiff. After the voluntary repossession of the truck it was advertised for sale by the plaintiff and subsequently sold to a Mr. Knight. Mr. Knight and his wife added their signatures to the original note which had been executed by the defendants Johnson. The sale to Knight and their signing of the original note was all done outside the presence of the defendants and without their consent. At the time of the sale of the truck to Knight certain repairs on the vehicle were necessary so plaintiff advanced the money for those repairs and had the Knights execute an additional note. The title to the vehicle was placed in the name of Mr. Knight. After making a number of payments to the plaintiff the new purchaser, Mr. Knight, defaulted and plaintiff again took possession of the truck. After this repossession the plaintiff made an outright sale of the truck to a Mr. Dahmers. When this sale was consummated title to the truck, which was once again in the name of the plaintiff, was transferred to Mr. Dahmers, who executed a new note in favor of the plaintiff. The defen-

dants had nothing to do with this sale, however, after the same was completed plaintiff sent a letter advising them as to what action had been taken. The note from the Dahmers to plaintiff had not been paid in full when the foreclosure action which is now subject to appeal was instituted by the plaintiff against the defendants.

The issues raised on this appeal are twofold: (1) whether or not the voluntary repossession and subsequent sale of the truck by the plaintiff to a new purchaser for the unpaid balance with transfer of title to the new purchaser had the effect of extinguishing defendants' obligations on their note; and (2) whether at the time the foreclosure action was commenced there was a balance due on the note executed by the defendants in favor of the plaintiff.

Both plaintiff and defendants cite various provisions of the Uniform Commercial Code in support of their respective contentions. It is apparent that the issues presented for review fall within the purview of this code and it is incumbent upon us to interpret and apply those provisions to the factual situation presented on appeal.

"If the security agreement secures an indebtedness * * * the debtor is liable for any deficiency." Chap. 26, Sec. 9—502, Ill. Rev. Stat.

"A secured party after default may sell, lease, or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing." Chap. 26, Sec. 9—504(1), Ill. Rev. Stat.

"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, * * *." Chap. 26, Sec. 9—504(3), Ill. Rev. Stat.

Proceeds are defined as including whatever is received when collateral is sold. See Chap. 26, Sec. 9—306(1), Ill. Rev. Stat.

■■ From the statutory provisions cited it is quite evident that a defaulter under a security arrangement may well be liable for any deficiency due and owing on his original indebtedness. It is further clear that the lender or secured party after default by the debtor may sell, lease or

otherwise dispose of any or all of the collateral which is subject to the security arrangement, however, such a sale or other disposition is subject to certain conditions or regulations, to-wit, (a) the sale must be made in a commercially reasonable manner, (b) reasonable notice of the time after which any private sale is to be made shall be sent by the secured party to the debtor.

In the case before us there is no dispute about the fact that the defendants borrowed money from the plaintiff, that a security arrangement was entered into by the parties and that being in default on their payments, the defendants voluntarily turned over to the plaintiff the collateral of such arrangement, being the title to a truck. At this stage of the transaction the plaintiff had an absolute right to sell or otherwise dispose of the collateral in order to try and recoup the amount of the loan. The plaintiff in exercising this right advertised the truck for sale and later sold the same at a private sale to Mr. Knight. The question confronting us is whether the sale met the conditions as set forth in the Uniform Commercial Code. We believe not, for the record is barren of any evidence that defendants had any notice of the proposed sale. It is true that the sale was advertised and that the defendants should have expected such action on the part of the plaintiff since the record discloses that plaintiff had advised the defendants of its intentions to effect a sale, but the law requires more than a general advertisement or a reasonable expectation on the part of the debtor if the notice requirement is to be satisfied.

Chapter 26, Section 9—504 (3), Illinois Revised Statutes, specifically states that notice of the time and place of a private sale shall be sent by the secured party to the debtor. Further we must note that Chapter 26, Section 9—507, Illinois Revised Statutes, provides that the secured party shall be liable for damages upon failure to comply with the notice provision. We further are aware of the provision in the Uniform Commercial Code to the effect that the rule in regard to notice may not be waived or varied. See Chapter 26, Section 9—501 (3), Illinois Revised Statutes.

The resale of the truck to Mr. Knight is tainted by plaintiff's failure to comply with the notice provisions of the Commercial Code, but the question confronting us is whether or not defendants are only entitled to damages or has their obligation to the plaintiff been extinguished. Examining the record we find that Mr. Knight obligated himself to the plaintiff in the sum of $13,000.00 by he and his wife affixing their signatures to the original note executed by the defendants. This had the effect of providing plaintiff with $13,000.00 in non-cash proceeds. Proceeds, as we have heretofore set forth, is defined as including whatever

is received when collateral is sold. With the receipt of $13,000.00 the plaintiff transferred title to the truck to Mr. Knight subject to a lien. We can only conclude that when this transpired defendants' legal interest in the truck as well as their equity of redemption were entirely extinguished. The record discloses that the defendants never met Mr. Knight or his wife and the record further fails to show that there was any agreement that the defendants would be indemnifiers or sureties in the event that Mr. Knight failed to pay his loan in accordance with its terms.

There was further lack of good faith on the part of plaintiff after the truck had been repossessed from Mr. Knight. "A chattel mortgagee or his assignee authorized to sell at a private sale may not sell for any price he pleases but is accountable for his action. At either a private or public sale the mortgagee must act in good faith and use every reasonable means to obtain the full value of the property and protect the mortgagors' interest; if he fails to do so the mortgagor is entitled to credit for the full value of the property." (15 Am.Jur.2d, p. 385, par. 223.) This general rule of law was adopted by Illinois with the enactment of the Uniform Commercial Code. Chapter 26, Paragraph 9—504 (3), Illinois Revised Statutes, specifically states that a sale must be made in a commercially reasonable manner. Despite these legal principles which are here applicable the record shows that plaintiff did not act in good faith or in a commercially reasonable manner when it repossessed the truck from Mr. Knight and then sold it to Mr. Dahmers. A witness for the plaintiff stated "that the net amount of the note from Mr. Dahmers was $9,000.00 and that he had no idea what the gross amount would be because Mr. Dahmers had other trucks and trailers financed with the plaintiff at that time." See *Orcutt v. Williams*, 63 Ill.App. 407, a case which was decided prior to the adoption of the Uniform Commercial Code by the State of Illinois, but which is cited in the comments appended to the code as being the type of situation which the enactment of the code was to eliminate. Further the record discloses that the plaintiff when reselling the truck to Dahmers did so without adding on interest for a three year period, though it was in the business of loaning money at interest. Failure to add this amount of interest to the Dahmers note was to the detriment of the defendants since they would receive no credit for the same on their original note.

■■ We cannot agree that the sale to Dahmers was in a commercially reasonable manner. It is significant to note that only after the truck was resold to Mr. Dahmers did the plaintiff notify the defendants. If the defendants had any legal interest in the truck at that time they should have been given an opportunity to protect their interest. This unilateral

conduct on the part of the plaintiff strongly indicates that the lending institution was of the opinion that the defendants no longer had any legal interest remaining in the truck. Whether the plaintiff harbored this opinion or not is immaterial since we can only conclude that the voluntary repossession of the truck and subsequent sales to new purchasers in violation of the provisions of the Uniform Commercial Code herein cited did have the legal effect of extinguishing the obligation of the defendants on their note.

Having reached this conclusion it is unnecessary for us to conduct an accounting in order to determine the exact amount, if any, that was due and owing on the defendants' original note at the time of the foreclosure action.

For the reasons set forth we hereby affirm the judgment of the circuit court of Mercer County.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.