Leo AIMONETTO and Genevieve Aimonetto,
Appellants (Plaintiffs below),

v.

Joe KEEPES and Jane Keepes, Appellees
(Defendants below).

Joe KEEPES and Jane Keepes, Appellants
(Defendants below),

v.

Leo AIMONETTO and Genevieve Aimonetto,
Appellees (Plaintiffs below).

Nos. 4080, 4081.

Supreme Court of Wyoming.

Oct. 18, 1972.

Rehearing Denied Nov. 28, 1972.

———◆———

McClintock, Mai, Urbigkit & Moriarity and Edward P. Moriarity, Cheyenne, for Leo Aimonetto and Genevieve Aimonetto.

Jones & Dumbrill and Chester S. Jones, Newcastle, for Joe Keepes and Jane Keepes.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

The litigation in this 1969 case arose as a result of several incidents occurring in the years 1962–1965, plaintiffs alleging an action in four counts that:

First, defendants had caused plaintiffs damage in the sum of $30,000 (less principal and accrued interest on note) in unlawfully converting to their own use by selling at private sale without notice a $30,000 diamond bracelet, pledged by plaintiffs on their $4,000 note to defendants.

Second, defendant Joe Keepes owed $4,557.30 as reasonable amount for 6,090 bales of hay taken from plaintiff Leo Aimonetto.

Third, defendant Joe Keepes owed $1,674 for 1,860 feet of upset tubing sold him by plaintiff Leo Aimonetto.

Fourth, defendant Joe Keepes hit plaintiff Leo Aimonetto's motor vehicle with a club and damaged it in the sum of $99.45.

Defendants denied and counterclaimed regarding the note for $1,205.55 deficiency of interest and $300 attorney fees.

Following trial of the cause without a jury, the court issued judgment allowing plaintiffs nothing on the first count; $1,500 on the second; $650 on the third; and $99.45 on the fourth; simultaneously granting judgment to defendants on their counterclaim for $933.33 interest and $300 attorney fees.

Although all dealings between the parties were most informal, the litigants seem to be agreed that the transactions concerning the pledge are to be governed by the provisions of Article 9, Chapter 22, Title 34, W.S.1957, 1971 Cum.Supp. (Uniform Commercial Code—Secured Transactions).

Significantly, on the first count the court found that plaintiff had "constructive notice" [1] from the defendants that the pledged diamond bracelet would have to be sold to pay the obligations of plaintiffs to defendants, that plaintiffs waived the demand to redeem and the notice of time and place of sale, and that thus there was no conversion.

Plaintiffs appealed from the judgment as entered in favor of defendants; defendants appealed the judgment as to counts two and three and on the counterclaim.

Although the testimony was somewhat voluminous and conflicting, a skeletal statement of the facts is essential as background:

Plaintiffs borrowed $4,000 from defendants on January 23, 1962, on a note [2] and pledged a diamond bracelet as security, placing it in the hands of defendants. The note was not paid; and in 1965 after certain conversation between the parties regarding the necessity for sale of the bracelet, defendant Joe Keepes sold it at a private sale for $4,000 and applied this on the note.

As a separate transaction, in 1964 the parties made an oral agreement by which plaintiffs had on their ranch some one hundred and thirty head of defendants' cattle. Plaintiffs maintained that the cattle were on their property for grazing purposes only and that there were consumed or destroyed

1. Apparently the trial court meant "actual" notice.

2. The note on its face showed the promise to pay "60 days" after date, but plaintiffs denied its being filled out at the time of execution.

some 6,000 bales of their hay. Defendants claimed plaintiffs were to feed the cattle and be reimbursed by receiving half of the calves.

As to the third cause, it is undisputed that the plaintiffs in another arrangement sold some oil field tubing to defendants; and the only question raised before the trial court was as to the quantity sold, the amount to be paid, and whether payment had been made.

Concerning the bracelet, plaintiffs argue that the court erred in finding that they had constructive notice of the sale or waived the demand to redeem and the notice of time and place of sale, and further, that no deficiency judgment for interest or attorney fees was permissible on account of violation of § 34–9–504(3), W.S.1957, 1971 Cum.Supp.[3]

In analysis of the authorities submitted on this aspect, it may be observed that each of the cases discussed by plaintiffs deals with actions of a seller where there was a default by the purchaser in an installment sales contract rather than as in this case with a pledge given to secure a loan from an individual. Moreover, the cited authorities deal with attempts of the creditor to secure a deficiency judgment and not with an alleged conversion by the creditor and consequent damages accruing to the debtor as in the present litigation. Hence the contended authorities are distinguishable to some extent. Even so, we are persuaded that one general principle upon which plaintiffs rely is applicable here, that is, compliance with § 34–9–504(3) is a condition precedent to recovery of any deficiency between sale price of collateral and the amount of the unpaid balance. C. I.T. Corporation v. Haynes, 161 Maine 353, 212 A.2d 436, 439; Braswell v. American National Bank, 117 Ga.App. 699, 161 S.E. 2d 420, 422; Leasco Data Processing

Equipment Corporation v. Atlas Shirt Company, 66 Misc.2d 1089, 323 N.Y.S.2d 13, 17; Skeels v. Universal C.I.T. Credit Corporation, W.D.Pa., 222 F.Supp. 696, 702 (vacated on other grounds, 3 Cir., 335 F.2d 846).[4]

While there was substantial evidence to justify the court in saying that the $4,000 was the highest obtainable bid at the time of the sale, we are inclined to the view that the trial court was unsupported in a portion of the criticized findings concerning notice. Defendant Joe Keepes said when he received word from the bank that a subsequent note he had signed for Leo Aimonetto was due he told Aimonetto he would have to sell the bracelet to pay Aimonetto's debts. He did not recall Aimonetto's response. As to the time of that conversation, he said that "just a little" after he talked with Aimonetto he had paid the note, his check to the bank being dated April 1, 1965. Admittedly, plaintiffs had not been informed as to whether defendants contemplated a private or public sale or the time thereof; but the trial court found that the plaintiffs had "constructive notice" that the bracelet would have to be sold to pay the obligations of the plaintiffs to the defendants and that the plaintiffs waived the demand to redeem and the notice of the time and place of sale. We see no justification for the trial court so holding. The law requires more than a reasonable expectation on the part of the debtor if the notice requirement of the commercial code is to be satisfied. Morris Plan Company of Bettendorf v. Johnson, Ill.App., 271 N.E. 2d 404, 407. Furthermore, the commercial code provides that the rule in regard to notice may not be waived or varied. Section 34–9–501(3), W.S.1957, 1971 Cum. Supp.; Morris Plan Company of Bettendorf v. Johnson, supra, 271 N.E.2d at 407. Thus, that portion of the trial court's

---

3. This is identical to § 9–504(3), Uniform Commercial Code.

4. We are aware that some jurisdictions hold to the contrary as may be readily

noted by the citations contained in Grant County Tractor Co. v. Nuss, 6 Wash.App. 866, 496 P.2d 966, 968–969.

judgment holding plaintiffs liable in the amount of $933.33 interest and $300 attorney fees must be reversed. While we can further agree with plaintiffs that a sale not commercially reasonable entitles the debtor to damages,[5] in the instant situation, plaintiffs—despite evidence of the cost of the bracelet to them and various loan arrangements and appraisals they had once had on it—did not present substantial evidence of damages. Hence, the relief now urged, award of $30,000 (less the principal and accrued interest on the note) or a new trial, is unwarranted. We do not overlook plaintiffs' argument, advanced without supporting authority, that the trial court erred in denial of their "offer of proof of the value of the component parts of the bracelet." The record, however, does not reflect such an offer of proof, and shows merely an unwarranted attempt to elicit what the labor cost for the original bracelet would have been.

### Plaintiffs' Count II

██ Plaintiffs insist that the court erred in not awarding them their requested damages, arguing that various findings of the trial court were in error and that there was no evidence that "the hay went along with the deal." The record clearly reflects defendant Joe Keepes testified the arrangement was that Aimonetto was to "feed the cattle," and we see no merit in plaintiffs' contention regarding this count.

### Defendants' Cross Appeal

██ Defendants argue that the trial court erred in its calculation of interest on the note and in its allowance of $1,500 for the value of wasted hay. There is no occasion to examine the argument regarding the interest since as previously noted there is no right to a deficiency judgment in this instance. As to the hay, defendants urge, largely on the basis of the trial court's letter, that the decision was admittedly a guess which could not be substantiated by any testimony of the witnesses or by any reasonable inferences from the testimony. We do not so interpret either the letter or the record. It is true that the court noted certain conflict in the evidence and the difficulty of ascertaining from the testimony the amount of the waste, it having been stated that the hay which the cattle trampled was three to four feet high around the stack yards; but this did not amount to "guesswork" as claimed by defendants so as to come within their cited authority, Wright v. Conway, 34 Wyo. 1, 241 P. 369, 242 P. 1107, 1110. Even Joe Keepes admitted that the fence was let down and the cattel ate and wasted hay. We conclude the matter was one which the trial court was entitled to resolve within its proper ambit of determining credibility of the witnesses and evaluating the evidence.

No argument was presented orally or by brief on the allowance to plaintiffs of judgment for $650 on Count III of their complaint, and it must be assumed that defendants have waived the issue.

The judgment is reversed insofar as it grants defendants' counterclaim against plaintiffs for $933.33 interest and $300 attorney fees but is otherwise affirmed.

Affirmed in part; reversed in part.

GUTHRIE, J., not participating.

---

5. Annotation, 30 A.L.R.3d 9, 77, § 25.