SOUTH DIVISION CREDIT UNION, Plaintiff-Appellee, *v.* DELUXE MOTORS, INC., Defendant-Appellant.

First District (5th Division)   No. 61801

Opinion filed September 10, 1976.

Michael Brown, of Chicago, for appellant.

William F. Carmody, of Chicago, for appellee.

Mr. JUSTICE BARRETT delivered the opinion of the court:

In this action plaintiff, South Division Credit Union, alleged that defendant, Deluxe Motors, Inc., had failed to comply with both the certificate of title provisions of the Illinois Vehicle Code and the terms of

the endorsement on a check drawn by plaintiff to the order of defendant as a joint payee, thereby causing the termination of plaintiff's rights as a lienholder and concluded that defendant had wrongfully negotiated the check. The trial court after hearing the preliminary arguments of the parties determined that the proceeds of the check should be returned to plaintiff and entered judgment against defendant in the amount of $1,275 plus costs. From this judgment defendant appeals and presents the following issue for review: whether the failure to timely record a lien on a motor vehicle title prevents a lender from repossessing the collateral and enforcing its rights as a secured party under the Uniform Commercial Code.

On June 8, 1970, defendant sold a 1965 Buick automobile to Eldora and George Thompson. Mrs. Thompson as a member of plaintiff credit union negotiated a loan from it in the amount of $1,275 to cover the purchase price of the automobile. Eldora Thompson defaulted on this debt two months later.

Plaintiff had taken two steps to secure payment of the debt. First, it entered into a security agreement with the Thompsons under the terms of which it reserved the right to repossess the automobile in the event of default. Second, plaintiff made the check for the purchase price payable to defendant as well as Eldora Thompson and inserted an endorsement on the back which read as follows:

> "By endorsing this check, the payees agree to deliver to South Division Credit Union, a valid Certificate of Title showing registration of 1965 Buick Electra Serial #484675H318562 in the names of Eldora N. Thompson & George Thompson with lien in the amount of $1,275.00 in favor of said South Division Credit Union."

The check was dated June 8, 1970, and was negotiated shortly thereafter. However, defendant did not deliver a certificate of title in the form required by plaintiff until July 26, 1971. Throughout this period defendant failed to apply for a new certificate of title. At the time of default (September, 1970), plaintiff did not attempt to repossess the collateral because its policy was to repossess an automobile only when it had possession of a certificate of title which reflected its lien. The automobile is presumably still in the possession of the Thompsons although their whereabouts are unknown.

OPINION

· ● 1    Plaintiff first contends that defendant's failure to comply promptly with the certificate provisions of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 3—101 *et seq.*), terminated plaintiff's right to timely repossess the collateral and to enforce its lien rights. We cannot agree.

The Uniform Commercial Code requires that security interests in collateral covered by certificates of title must be perfected in accordance with State law. (Ill. Rev. Stat. 1971, ch. 26, par. 9—103.) Illinois law provides that the exclusive method for the perfection of security interests in motor vehicles is the delivery of any existing certificate of title to the Secretary of State together with a fee and an application for a certificate which will reflect the lienholder's interest. (Ill. Rev. Stat. 1971, ch. 95½, pars. 3—202, 3—207.) If delivery is accomplished within 21 days, the lien is perfected as of the date of its creation; otherwise perfection occurs at the time of delivery. (Ill. Rev. Stat. 1971, ch. 95½, par. 3—202.) Clearly, defendant's delay in applying for a new certificate of title caused plaintiff to remain unperfected until July 26, 1971, however, a " * * * secured party's rights over the collateral as against the debtor are unaffected by failure to perfect the security interest." (*In re Application of County Treasurer* (1973), 16 Ill. App. 3d 385, 392, 306 N.E.2d 743, 749.) While the Illinois Vehicle Code governs the method of perfection, its provisions supplant the Uniform Commercial Code rules regarding the interests of a secured party only in instances of direct conflict between the codes. (*Westlake Finance Co. v. Spearmon* (1965), 64 Ill. App. 2d 342, 213 N.E.2d 80.) As the Illinois Vehicle Code is silent on the subject of repossession, the Uniform Commercial Code is the law applicable to cases which involve the repossession of a motor vehicle by a lienholder after default. (*Morris Plan Co. v. Johnson* (1971), 133 Ill. App. 2d 717, 271 N.E.2d 404.) The Uniform Commercial Code provides that if a debtor defaults under the terms of a security agreement the secured party has a right to take possession of the collateral unless otherwise agreed. (Ill. Rev. Stat. 1971, ch. 26, pars. 9—501, 9—503.) Plaintiff's security agreement with the Thompsons reserved to it all the rights of a secured party under the Uniform Commercial Code including the right to take possession of the collateral. Thus, defendant's inaction had no effect upon plaintiff's right to repossess the collateral and to enforce its lien rights against the debtor.

■■ The Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 3—101 *et seq.*) places a duty upon the automobile dealer to assure that the lender's security interest will appear on a certificate of title. (*Aurora National Bank v. Ed Fanning Chevrolet, Inc.* (1967), 85 Ill. App. 2d 394, 229 N.E.2d 2.) A dealer who places the debtor in possession of the collateral as well as a certificate of title which fails to show the existing lien provides the debtor with an opportunity to perpetuate a fraud upon the lender. (*Westlake Finance Co. v. Oak Park Motors, Inc.* (1960), 19 Ill.2d 66, 166 N.E.2d 23.) In such circumstances it is reasonable for the dealer to anticipate that the lender's security interest might be terminated in the debtor's dealings with third parties and to be liable for the loss occasioned by his wrongful conduct. (*Westlake Finance Co. v. Oak Park*

*Motors, Inc.* (1960), 19 Ill. 2d 66, 166 N.E.2d 23; *Aurora National Bank v. Ed Fanning Chevrolet, Inc.* (1967), 85 Ill. App. 2d 394, 229 N.E.2d 2.) Manifestly, the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 3—101 *et seq.*) as interpreted by *Westlake Finance Co. v. Oak Park Motors, Inc.* (1960), 19 Ill.2d 66, 166 N.E.2d 23, and *Aurora National Bank v. Ed Fanning Chevrolet, Inc.* (1967), 85 Ill. App. 2d 394, 229 N.E.2d 2, places the burden of the loss upon the dealer only when the dealer's failure to comply with the certificate of title provisions facilitates and causes the termination of the lender's security interest. Therefore we hold that although defendant did not comply with the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 3—113), in a timely fashion, defendant's inaction did not extinguish plaintiff's right to repossess the collateral and to enforce its lien against the debtor under the Uniform Commercial Code (Ill. Rev. Stat. 1971, ch. 26, pars. 9—501, 9—503). Defendant should not bear the burden of the loss resulting from plaintiff's failure to repossess the collateral which it had every right to do.

■■ Plaintiff next contends that payment of the check was conditioned upon defendant's prompt compliance with its endorsement and that a failure to comply with such endorsement requires the return of the proceeds. We find the language employed by plaintiff in drafting the endorsement wholly inadequate to have accomplished such a result. Where a party claims that his own ambiguous language constitutes a condition precedent to his performance, he is not entitled to such a favorable construction unless it is established that the parties intended to create a condition at the time of contracting. (*Cedar Park Cemetery Association, Inc. v. Village of Calumet Park* (1947), 398 Ill. 324, 75 N.E.2d 874.) While plaintiff's endorsement was sufficient to place defendant on notice of the existence of plaintiff's lien (*Aurora National Bank v. Ed Fanning Chevrolet, Inc.* (1967), 85 Ill. App. 2d 394, 229 N.E.2d 2), the language used in the endorsement fell far short of the clarity required in *Pied Piper Yacht Charters Corp. v. Corbel* (1974), 17 Ill. App. 3d 281, 308 N.E.2d 35. In *Pied Piper* payment was expressly conditioned upon the happening of an event within a time certain. The endorsement in the instant case gave no notice to defendant that payment was conditioned upon its compliance within any particular time period. Furthermore, there is no indication that defendant was apprised of plaintiff's policy regarding repossessions which required the *prompt* delivery of the certificate of title to expedite the timely repossession of the collateral in cases of early default. If plaintiff had wished to have the certificate on hand to facilitate its own company policy in accomplishing repossessions, it could have conditioned payment upon the delivery of the certificate within a given time period either by the use of express language or by the incorporation of one of the time periods outlined in the Illinois Vehicle

Code. (Ill. Rev. Stat. 1971, ch. 95½, pars. 3—113, 3—202.) Viewing the record as a whole we cannot say that the parties intended the payment of the check to be conditioned upon the delivery of the certificate within a limited time period.

For the foregoing reasons the judgment of the circuit court of Cook County is reversed and the cause is remanded with directions to vacate the judgment entered in favor of the plaintiff and to enter an order finding for the defendant.

Reversed.

LORENZ, P. J., and SULLIVAN, J., concur.