594 P.2d 473 (1979)
Gerald B. STEPHENS and Darlene Stephens, husband and wife, jointly and severally, Appellants (Defendants below),
v.
SHERIDAN PUBLIC EMPLOYEES FEDERAL CREDIT UNION, Appellee (Plaintiff below).
No. 5021.
Supreme Court of Wyoming.
May 8, 1979.
Stuart S. Healy, Kennedy, Connor & Healy, Sheridan, for appellants.
Bruce P. Badley, Michael K. Shoumaker and H.W. Rasmussen, Badley, Rasmussen & Shoumaker, Sheridan, for appellee.
Before RAPER, C.J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.
*474 McCLINTOCK, Justice.
Gerald and Darlene Stephens (defendants) appeal from order of the district court of Sheridan County granting summary money judgment against them in favor of Sheridan Public Employees Federal Credit Union (plaintiff). The principal contention made by defendants is that genuine and material issues of fact existed which precluded entry of summary judgment in favor of the plaintiff. We agree, reverse the judgment and remand the matter for trial.
The dispute grows out of the foreclosure of a security agreement given to secure a promissory note signed by the defendants. On October 20, 1975 defendants, who owned shares in the plaintiff and were also borrowers therefrom to the extent of some $475.00, applied for an additional loan for the purpose of purchasing a 1965 Chevrolet automobile. A note was signed in the amount of $1,030. In an affidavit filed in support of the plaintiff's motion, Jack B. Ray, its secretary-treasurer, stated that defendants received $553.64 to purchase a 1965 Chevrolet and $474.64 went to pay off a prior loan to the credit union. The note contains a statement that the automobile and the shares represent collateral for the loan. The security agreement which was signed by defendants describes the secured obligation as a promissory note for $1,020 and also refers to the Chevrolet as the collateral. It then provides that upon default the plaintiff had the rights and remedies provided by Article 9 of the Uniform Commercial Code and specifically for recovery of deficiency in case disposition of the collateral is insufficient to satisfy the obligation secured thereby.
A payment was credited on November 24, 1975 reducing the balance claimed to $991.85 but no other payments appear to have been made. Ray's affidavit states that in January of 1976 plaintiff contacted the Stephenses, both by letter and by telephone, advising them of the default and that they should make the payments or repossession and other action would be taken.[1] Such contacts are specifically denied *475 in affidavit filed in behalf of the defendants. Plaintiff claims that by February of 1976 the sum owed was $1,021.51, which it reduced to $920.07 by application of defendants' shares.
On March 10, 1976 the automobile was repossessed by towing it from the Stephenses' residence.[2] It was then placed on a commercial used-car lot and sold therefrom on May 1, 1976 for $475.00, and the amount remaining after payment of expenses of sale was credited to the defendants. Plaintiff then sought a deficiency of $606.77, with interest and costs. The action was originally filed in the justice court but defendants therein counterclaimed for damages for wrongful sale of the collateral, thereby taking the case out of the monetary limit of the justice court. Upon motion the case was transferred to the district court where new pleadings were filed and eventually plaintiff moved for summary judgment.[3] By its motion plaintiff posed six reasons why it was entitled to summary judgment. The district court, without specifically finding that no genuine issue of fact existed, ruled as a matter of law plaintiff was entitled to judgment for the following reasons:
"1. Section 34-9-503 of the Wyoming Statutes is constitutional.
"2. A federally chartered agency may make supervised loans without a state license.
"3. The repossession of the vehicle was from a public street and, therefore, did not constitute a breach of the peace.
"4. The vehicle was sold in a commercially reasonable manner.
"5. Insufficient basis exist [sic] for exemplary damages because of findings three and four above.
"6. The loan transaction was actually two loans. One was a prior loan of $474.64 which had accrued interest of $1.72. The other was a loan for $553.64 which was secured by the Defendants' automobile. Therefore, the Plaintiff could not recover attorney fees as a result of Statute 40-3-513.
"7. Notice of the Sale was defective and, therefore, the Plaintiff is not entitled to recover the deficiency on the loan for $553.64.
"8. The Plaintiff is entitled to recover $476.36 on the remaining loan."
The court then entered judgment upon what it found to be the first transaction and denied recovery of a deficiency judgment on the second. It also denied defendants' "claim for exemplary damages."[4]
Section 34-21-963(c), W.S. 1977 (Ch. 219, § 9-504(3), S.L. of Wyoming 1961), requires that every aspect of sale or other disposition of collateral "including the method, manner, time, place and terms must be commercially reasonable." With certain exceptions not here pertinent, "reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor * * *." We have previously held that "compliance with § 34-9-504(3) is a condition precedent to recovery of any deficiency between sale price of collateral and the amount of the unpaid balance." Aimonetto v. Keepes, Wyo., 501 P.2d 1017, 1019 (1972). We further pointed out therein that the "commercial code provides that the rule in regard to notice may not be waived or varied." 501 P.2d at 1019. And in Western National Bank of Casper v. Harrison, Wyo., 577 P.2d 635, 640 (1978) we said:

*476 "A secured party, who disposes of collateral without reasonable notification to the debtor, is liable for any loss caused by a failure to comply with the provisions of the Uniform Commercial Code." (Citing what is now § 34-21-966(a), W.S. 1977.)
There were therefore presented to the trial court two questions: (1) Was proper notice of the intended sale given to the debtors? (2) Was the sale conducted in a commercially reasonable manner? A negative answer to the first would prevent entry of a deficiency judgment while a negative answer to the second would render the creditor liable for damages. We hold that both points presented questions of fact for determination by the trial judge, the evidence thereon was conflicting and therefore entry of summary judgment was improper.
What the trial judge has done is to make ultimate findings on factual matters that were in direct dispute between the parties. Plaintiff filed affidavit that written and oral notice concerning the contemplated sale had been given defendants. Although this affidavit is more than a little skimpy as to facts, the defendants filed an affidavit that they never received written or oral notice concerning the default or the proposed repossession to satisfy the loan. In such a case the trial judge should not decide the conflict and resolve the evidentiary conflict on the basis of which of the affidavits he believes. Here, the parties should have presented their evidence and testimony, the witnesses being subject to cross-examination and their demeanor subject to observation by the trier of the fact. The trial judge then could make such findings of fact as were warranted upon a full airing of the dispute.
There was no evidence before the court that the parties intended two separate obligations. Briefs were submitted to the trial judge and we find nowhere in the record any contention of either party that two obligations were in fact involved. Had the trial judge not split the obligation represented by the October 20 note into two separate obligations, he would have been compelled under his finding to hold in favor of the defendants unless he should find that proper notice had been given. We do not attempt to reach that decision but hold that the trial court's division of the obligation is not sustained either by the pleadings or the affidavits. The suit was filed on the October 20 note for $1,030, reference was made to a sale of collateral, and it is the balance of that note for which the plaintiff sought judgment.
The evidence concerning defendants' counterclaim for wrongful sale of the collateral is inconclusive. Ray swore only that the repossessed car had been turned over to Cook Ford Sales, Inc. and that it was sold. There is no testimony about how this agency operated in the sale of such cars, that the price received therefor represented the reasonable price or warranting a conclusion that the sale was in all respects commercially reasonable. It is clear that plaintiff, having the burden of showing a sale in a reasonably commercial manner, has as yet failed to present evidence of such fact.
In Johnson v. Soulis, Wyo., 542 P.2d 867, 871 (1975) we held that summary judgment was proper only "where it is clear that no issue of material fact is involved, and where inquiry into the facts is not desirable to clarify the application of the law." The credit union, as the moving party, had the burden of showing the absence of a genuine issue of material fact. Seay v. Vialpando, Wyo., 567 P.2d 285 (1977). Under Johnson, supra, we believe a situation was here presented where inquiry into the facts, in a complete trial with both parties having the opportunity to present testimony and to rebut the testimony of the other party, was the only desirable course.
Reversed and remanded with instruction to proceed with the trial of the issues.
NOTES
[1] The affidavit states that "I [Ray] and other members of the staff contacted Gerald B. Stephens and Darlene Stephens numerous times on the telephone." Nothing is said about the content of the conversations. It is further stated in the affidavit that "On January 15, 1976, I wrote a letter to the Stephenses stating that they had until February 10, 1976, to make the payments or repossession and other action would be taken." We can hardly look on this as "reasonable notification of the time after which any private sale or other intended disposition is to be made * * *" as required by the statute, but the point is that receipt of the communication is disputed.
[2] There is some dispute concerning this removal although not much is stated of a factual nature. The broad allegation is made by defendants that the car was repossessed through breach of the peace but there is nothing to show that it was done in any violent manner. While the issue may be pertinent to the decision on defendants' counterclaim, we do not attempt to resolve any factual or legal questions concerning the same in advance of trial.
[3] Defendants also moved for summary judgment although it is not clear on just what issues. We can find no basis for sustaining such motion on their part.
[4] We interpret this action as a denial of defendants' counterclaim.