[Civ. No. 52048. First Dist., Div. Five. Apr. 26, 1983.]

BURAN EQUIPMENT COMPANY, Plaintiff and Appellant, v.
H & C INVESTMENT COMPANY, INC., et al.,
Defendants and Respondents.

**COUNSEL**

J. Gordon Levinson and Peter B. Sandmann for Plaintiff and Appellant.

Robert D. Carrow, B. Suzanne Farley and Goldstein & Phillips for Defendants and Respondents.

**OPINION**

**KING, J.**—In this case we hold that section 9504 of the California Uniform Commercial Code does not require a secured creditor to repossess the security prior to giving a notice of private sale, in order to obtain a deficiency judgment against a debtor who is in default.

Buran Equipment Company, dba Bay Area Kenworth Company (Buran) appeals from a judgment in favor of H & C Investment Company, Inc., a California corporation and Great Western Agrinomics, a Nevada partnership, et al. (H & C) after a nonjury trial. We reverse the judgment.

The dispute here involves an issue of law which makes a detailed recitation of the facts unnecessary. Buran sold H & C a considerable number of pieces of heavy vehicular equipment which were security for the payment of a promissory note from H & C to Buran. H & C thereafter defaulted on the note.

Buran gave a timely notice of private sale pursuant to California Uniform Commercial Code section 9504, subdivision (3), which permits a secured party, after a default, to sell the collateral in a commercially reasonable manner, conditional upon giving the defaulting party ". . . a notice in writing . . . of the time on or after which any private sale . . . is to be made."

Some of the vehicles were not repossessed by Buran until eight months after the notice of sale. Buran sold the vehicles between six and eighteen months

after the date of the notice of sale. Thereafter a deficiency existed between the balance due on H & C's note to Buran and the amounts recovered by Buran from the private sales, and this action to recover a deficiency judgment resulted.

Counsel stipulated at oral argument before this court that the trial court's decision was based on its interpretation that section 9504 required Buran to repossess all of the security prior to giving a notice of private sale, in order to obtain a deficiency judgment. H & C contends this correctly reflects the law. Counsel agree, and our independent research confirms, that the legal issue presented is one of first impression.

■ It is clear that the failure of the secured party to comply with either the commercial reasonableness requirement or the notice requirement precludes the secured party from recovering a deficiency judgment. (*Western Decor & Furnishings Industries, Inc.* v. *Bank of America* (1979) 91 Cal.App.3d 293, 306-308 [154 Cal.Rptr. 287].) The purpose of notice is to give the debtor an opportunity either to discharge the debt and redeem the collateral, to produce another purchaser, or to see that the sale is conducted in a commercially reasonable manner. (See, e.g., *Fedders Corp.* v. *Taylor* (D.C.Minn. 1979) 473 F.Supp. 961, 976; *Rushton* v. *Shea* (D.C.Del. 1976) 423 F.Supp. 468, 469; *Spillers* v. *First Nat. Bank of Arenzville* (1980) 81 Ill.App.3d 199 [400 N.E.2d 1057, 1060]; *International Harvester Credit* v. *Ingram* (Tenn.App. 1981) 619 S.W.2d 134, 138.)

It should be noted that section 9504, subdivision (3) of the California code differs from Uniform Commercial Code, section 9-504, subdivision (3), in that the California Legislature in adopting the former set forth a specific time period for giving notice, while the latter requires only "reasonable notice." The change was made in the California statute "to avoid controversy in each case as to whether the notice was reasonable by substituting a definite standard." (Cal. code com., 23C West's Ann. Cal. U. Com. Code, § 9504 (1964 ed.) p. 602.) Both codes are silent as to the legal issue in dispute in this case.

The five-day notice requirement in section 9504 avoids controversy as to whether the period between notice and sale is too short, but not as to whether the period is too long. The latter issue is to be resolved in each case pursuant to the general provision in section 9504 that the sale be conducted "in a commercially reasonable manner." (Cf. *Spillers* v. *First Nat. Bank of Arenzville, supra,* 400 N.E.2d at p. 1060 ["commercially reasonable" and "reasonable notification" requirements of Uniform Commercial Code section 9-504 are "to a large extent . . . interrelated"].) Here the trial court made no finding that the private sales were not conducted in a commercially reasonable manner and, in fact, it never reached that issue.

Section 9504 does not impose an absolute requirement that collateral be repossessed before notice of sale is given. (See *Sierra Financial Corp.* v. *Brooks-Farrer Co.* (1971) 15 Cal.App.3d 698, 703-704 [93 Cal.Rptr. 422].) Indeed, California Uniform Commercial Code section 9501, subdivision (1), provides that a secured party "in possession" has the rights and duties provided in section 9207 (such as the duty to use reasonable care to preserve the collateral), but *the statute does not mention possession in providing that a secured party, in the event of default, has the rights and remedies provided in the chapter encompassing section 9504.* (See *J. T. Jenkins Co.* v. *Kennedy* (1975) 45 Cal.App.3d 474, 480 [119 Cal.Rptr. 578].)

For example, sale may occur before repossession where the debtor prevents the creditor from taking possession of the collateral. (*Ibid.*; see also *KMAP, Inc.* v. *Town & Country Broadcasters, Inc.* (1975) 49 Cal.App.3d 544, 548-549 [122 Cal.Rptr. 420].) In modern day commercial transactions, often involving large equipment as the security, it would not be unusual for the equipment to be located in diverse geographical locations. Thus, the Legislature may well have concluded it was not appropriate to require that there be a repossession of the security prior to the giving of a notice of private sale.

Contrary to H & C's additional contention, section 9504 does not include an absolute requirement that separate notice be given for each sale of multiple items of collateral. The statute expressly authorizes the sale of collateral "as a unit or in parcels," yet for a private sale simply requires notice "at least five days . . . before the day on or after which" the sale is to be made. The latter provision contemplates continuing efforts to obtain the best price for collateral though private sale. It encompasses the policy of the Uniform Commercial Code to encourage the best possible disposition of collateral, which might, for example, call for sale of "a large inventory in parcels over a period of time instead of in bulk." (Uniform Com. Code com., 23C West's Ann. Cal. U. Com. Code, § 9504 (1964 ed.) p. 605.) Where sales are best conducted over a period of time, the uncertainty of when they might occur (as contrasted with the certainty of the date of a public sale) could make it difficult, if not commercially impracticable, to give notice of each anticipated private sale. (See *First Nat. Bank of Omaha* v. *Kizzier* (1979) 202 Neb. 369 [275 N.W.2d 600, 602-603].)

H & C cites *Western Decor & Furnishings Industries, Inc.* v. *Bank of America, supra,* 91 Cal.App.3d 293, for the proposition that separate notice for each sale of collateral is required by section 9504. But the court in *Western Decor* held only that the failure to notice a private sale after partial sale of collateral at a noticed public sale precluded recovery of a deficiency judgment. (*Id.,* at pp. 300, 306-308.) Separate notice for the private sale was required because the notice of public sale on a specified date did not put the debtor on notice that unsold collateral would later be sold at a private sale.

In contrast, notice that collateral will be sold at private sale on or after a certain date puts the debtor on notice of continuing efforts to sell multiple items of collateral. H & C argues that a single notice of private sale could result in deprivation of the debtor's right of redemption should sale occur without further notice after passage of a substantial period of time, but this danger invokes the general rule that notice of the sale must be commercially reasonable.

■ Thus Buran did not, as a matter of law, violate section 9504 by giving notice of a private sale before it repossessed all of the vehicles. The California Legislature has not required that repossession occur before a private sale, or prior to the giving of a notice thereof. This may be the sequence which usually occurs: however, the Legislature has given no direction that this must be the sequence followed in order for a secured creditor to obtain a deficiency judgment. It is not the judicial function to rewrite statutes enacted by the Legislature, but this is what H & C asks us to do. Their arguments should be addressed to the Legislature, not to the judiciary.

Buran raises two other issues on appeal which should be addressed for the assistance of the trial court upon retrial. Buran contends that the determination of the adequacy of the notice of sale could have been made during a chapter XI bankruptcy proceeding which was filed by H & C prior to Buran giving the notice of private sale, but concluded with a plan of arrangement thereafter. Buran contends the adequacy of notice issue is res judicata and cannot be raised in this action, relying on *Levy* v. *Cohen* (1977) 19 Cal.3d 165, 170-173 [137 Cal.Rptr. 162, 561 P.2d 252], cert. den., 434 U.S. 833 [54 L.Ed.2d 94, 98 S.Ct. 119]. This case is distinguishable. ■ A substantial number of vehicles remained unsold during the course of the bankruptcy proceedings and the bankruptcy court could not yet have determined whether the lapse of time before their sale, without further notice, was commercially unreasonable. Thus the adequacy of a single notice was not a matter which could have been determined by the bankruptcy court and was not subject to res judicata.

■ Buran's final contention is that the trial court erred when it interrupted appellant's presentation of evidence and proceeded to determine the adequacy of notice issue as a matter of law, based on stipulated facts. The Legislature, in the year prior to this trial, amended Code of Civil Procedure section 598 to encourage the trial court, on its own motion, to make orders to try any issue or any part thereof prior to the trial of any other issue in the interest of "the economy and efficiency of handling the litigation." In this case counsel stipulated that if the trial court found as a matter of law, that repossession must occur prior to the giving of notice, Buran had no entitlement to a deficiency judgment. The trial judge is to be commended for ordering that this issue be tried first and a decision reached upon it since, if it had been correctly decided, trial would not have been required of any other issues. Thus, the trial judge

acted in full compliance with the direction of the Legislature to promote economy and efficiency in the handling of litigation.

The judgment is reversed and the case is remanded for retrial.

Low, P. J., and Haning, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 30, 1983. Bird, C. J., was of the opinion that the petition should be granted.