**Douglas M. HESS, Appellant (Plaintiff),**

v.

**Pamela A. Fordyce THOMAS, Appellee (Defendant).**

**No. 92–275.**

Supreme Court of Wyoming.

April 21, 1993.

Jerry A. Yaap of Bishop, Bishop & Yaap, Casper, for appellant.

Tom C. Toner of Yonkee & Toner, Sheridan, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

The question of whether Wyoming will continue to follow the absolute bar approach preventing a non-complying secured party from securing a deficiency judgment under the Uniform Commercial Code (UCC) is presented by this appeal. We hold that a secured party's failure to give a reasonable notice before disposing of collateral bars a deficiency judgment. We affirm the district court's summary judgment in favor of a co-maker of a promissory note.

## I. FACTS

In 1990, Douglas M. Hess (Hess) purchased $4,600,000.00 in assets from the receiver of the failed First National Bank of Sheridan, Wyoming. Among the assets obtained by Hess was a promissory note and security agreement executed in 1985 by Pamela A. Fordyce Thomas (Thomas) and Michael G. Fordyce (Fordyce). The collateral for the unpaid loan included a boat, motor and trailer; a 1984 Ford truck; and a 1985 G.M.C. Suburban.

Thomas and Fordyce divorced in 1988. According to terms of their property settlement, Fordyce received the boat, motor and trailer, and the Ford truck. Thomas received the Suburban. Fordyce assumed repayment responsibility for two-thirds of the unpaid balance on the promissory note and Thomas assumed responsibility for the remaining one-third.

Asserting the debt was unpaid, Hess repossessed the collateral from both Fordyce and Thomas. Hess orally agreed to release Fordyce from his portion of the debt for the sum of $5,800.00, the agreed value of the collateral in his possession. After repossessing the Suburban, an agent for Hess contacted Thomas to request she transfer title to Hess. Thomas refused until she could seek the advice of her attorney. Hess responded by filing suit against Thomas seeking a deficiency judgment of $20,691.41 which he claimed was the unpaid principal and interest for one-half of the note minus a credit of $5,000.00 for the value of the Suburban. Prior to filing suit, without any notice to Thomas, Hess had placed title to the Suburban in his name and eventually sold it to a third party for $5,000.00.

## II. DISCUSSION

A summary judgment is affirmed when there are no genuine issues of material fact and the judgment is correct as a matter of law. *Powder River Oil Co. v. Powder River Petroleum Corp.*, 830 P.2d 403, 406–07 (Wyo.1992).

The security agreement between the parties stated: "In the event of default under this agreement the Debtor and the Secured Party have the rights and remedies provided in Article 9 of the Uniform Commercial Code and, in addition, those provided in this agreement." The specific rights of a debtor under the UCC or the duties of the secured party may not be waived except as specifically permitted. Wyo.Stat. § 34.1–9–501(c) (1991). Among the rights of the debtor granted by Wyo.Stat. § 34.1–9–504(c) (1991) (emphasis added) (hereinafter § 9–504) is the right to be informed of the disposition of collateral:

(c) Disposition of the collateral may be by public or private proceedings and may be made by way of one (1) or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, *reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor,* if he has not signed

after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods no other notification need be sent. In other cases notification shall be sent to any other secured party from whom the secured party has received (before sending his notification to the debtor or before the debtor's renunciation of his rights) written notice of a claim of an interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale.

It is undisputed that no notice of public or private sale of the Suburban was given to Thomas. Without a notice, the purpose of § 9–504 " 'to give the debtor an opportunity either to discharge the debt and redeem the collateral, to produce another purchaser, or to see that the sale is conducted in a commercially reasonable manner' " is frustrated. *Coones v. Federal Deposit Insurance Corporation*, 848 P.2d 783, 803 (Wyo.1993) (*quoting Buran Equipment Co. v. H & C Inv. Co., Inc.*, 142 Cal.App.3d 338, 190 Cal.Rptr. 878, 881 (1983)).

In *Aimonetto v. Keepes*, 501 P.2d 1017, 1019 (Wyo.1972), Wyoming first accepted the absolute bar approach which prevents a non-complying secured party from obtaining a deficiency judgment. We recently reaffirmed the validity of this approach in *Coones*, 848 P.2d at 802:

In Wyoming, the secured party's compliance with the notice obligations of § 9–504(c) is a condition precedent to the recovery of a deficiency. *Stephens [v. Sheridan Public Emp. Federal Credit Union,]* 594 P.2d [473,] 476 [ (Wyo. 1979) ]; *Jackson State Bank. v. Beck*, 577 P.2d 168, 171 (Wyo.1978) (*quoting Aimonetto v. Keepes*, 501 P.2d 1017, 1019 (Wyo.1972)). The policy behind this court's adoption of the absolute bar approach is that it furnishes the most definite deterrent to noncompliance. Howard Foss, *The Noncomplying Secured Party's Right to a Deficiency*, 21 UCC L.J. 226, 240 (1989).

Hess argues, using unpersuasive authority, that the rule in Wyoming should be modified. We decline the invitation to modify our rule. The bar on deficiency judgments creates a "final and potentially most significant consequence of a creditor's misbehavior * * *." 2 James J. White & Robert S. Summers, *Uniform Commercial Code* § 27–19 (3rd ed. 1988).

## III. CONCLUSION

The failure of Hess, the secured party, to provide the statutorily required reasonable notice of the disposition of the collateral to Thomas, the debtor, precludes Hess as a matter of law from seeking a deficiency judgment.

The summary judgment in favor of Thomas is affirmed.