BANK OF HILLSIDE, Plaintiff-Appellee, v. LAUREL MOTORS, INC., Defendant-Appellant.

First District (1st Division)   No. 1—92—2244

Opinion filed March 28, 1994.

Douglas Drenk & Associates, P.C., of Wheaton (Douglas Drenk, of counsel), for appellant.

Schwartz, Cooper, Kolb & Gaynor, Chartered, of Chicago (Franklin S. Schwerin and Laura A. Lipinski, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant Laurel Motors, Inc. (Laurel Motors), appeals an order granting summary judgment in favor of plaintiff Bank of Hillside (Bank) on both counts of plaintiff's complaint.

The record indicates the following facts. Prior to March 1989, Raymond Hazucka, Jr. (Hazucka), had financed the purchase of a 1982 Porsche 911 Targa convertible from Hinsdale Motors through the Bank. The loan for the Porsche was evidenced by a promissory note given by Hazucka to the Bank in the principal amount of $22,000. The Bank took a security interest in the Porsche; a lien in the amount of $27,454.98 was reflected on the Porsche's certificate of title.

In 1989, Hazucka went to Laurel to trade the Porsche for a new BMW 325. The Bank cancelled the note on the Porsche. Hazucka executed a new note to finance the purchase of the BMW. Hazucka and the Bank agreed that the new note would be secured by the BMW in the principal amount of the balance due on the Porsche note plus $8,800.

Christopher Hodge, a senior vice-president of the Bank, discussed the structure of the transaction with Bill Nuccio, an employee of Laurel Motors. At the end of March 1989, the Bank gave Hazucka a cashier's check in the amount of $8,800 made payable to Hazucka and Laurel Motors. The following language appeared on the back of the check:

"This instrument is delivered to payees on condition that a first lien in the amount of $31,857.60 in favor of Bank of Hillside, Hillside Shopping Center, Hillside, Illinois, be recorded upon the Certificate of Origin, Certificate of Title, and application for Certificate of Title. Title to be marked returnable to the Bank.

Payees agree by acceptance of this check to perform above condition, and to place, Lien on 1989 BMW 325 Serial No. WBAAABO2K4143415."

Hazucka signed the check, gave the check to Laurel Motors and traded in the Porsche. The copy of the check that appears in the record indicates that the back of the check was endorsed by Laurel Motors. On May 19, 1989, Nuccio informed Hodge that Hazucka owed $619 on the purchase of the BMW and that no application for title for the BMW had been submitted. On June 1, 1989, Nuccio informed Hodge that Hazucka paid the outstanding amount to Laurel Motors.

Hazucka subsequently defaulted on the loan from the Bank. On June 8, 1990, Hodge sought information from Laurel Motors so that the Bank could repossess the BMW. Nuccio told Hodge that Hazucka had resold the BMW to Laurel Motors in January 1990. The certificate of title did not reflect the Bank's lien on the BMW. The Bank was not repaid upon the resale of the BMW. Hodge spoke to Tom Kinish, the general manager of Laurel Motors, who acknowledged that a copy of the check was in the file, that the above-quoted language appeared on that copy and that Laurel made a mistake in failing to place the lien on the application for certificate of title and the certificate of title. The Bank demanded full payment from Laurel, which refused.

On October 9, 1990, the Bank filed a two-count complaint against Laurel Motors. Count I alleged negligence, contending that the Bank suffered monetary damages resulting from the breach of a statutory duty Laurel Motors owed it under the Illinois Vehicle Code (see Ill. Rev. Stat. 1989, ch. $95^1/_2$, par. 3—104). Count II alleged breach of contract. Laurel Motors filed a verified answer and affirmative defenses. The parties later filed cross-motions for summary judgment. Following a hearing on the matter, the trial court entered an order granting summary judgment in favor of the Bank as to count II. Laurel Motors filed a motion to vacate the summary judgment. On May 29, 1992, the trial court denied the motion and entered an order granting summary judgment to the Bank on both counts of the complaint. Laurel Motors now appeals.

Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 484, 507 N.E.2d 19, 21.) This court may affirm the entry of summary judgment if the decision of the trial court is justified by any reason appearing in the record, regardless of whether the trial court's reasoning was correct.

*Coleman v. Windy City Balloon Port, Ltd.* (1987), 160 Ill. App. 3d 408, 513 N.E.2d 506.

Laurel Motors contends that the summary judgment entered on count II of the complaint was in error because there were genuine issues of material fact regarding the formation and terms of the alleged contract between Laurel Motors and the Bank. Where the facts are undisputed, the existence and interpretation of a contract are questions of law that may be decided on summary judgment by the trial court and independently reviewed by this court. See *Hicks v. Methodist Medical Center* (1992), 229 Ill. App. 3d 610, 613, 593 N.E.2d 119, 121; *Scottish & York International Insurance Group/ Guarantee Insurance Co. v. Comet Casualty Co.* (1990), 207 Ill. App. 3d 881, 884, 566 N.E.2d 477, 479.

Laurel Motors claims that the language on the back of the check is ambiguous because it required acceptance of delivery and that the Bank is attempting to prove acceptance by extrinsic evidence, *i.e.*, Laurel Motors' endorsement of the check. However, the plain language on the back of the check that the payees were to agree "by acceptance of this *check* [emphasis added]" to place the lien. Thus, the language required only acceptance of the check. Moreover, the signature is not extrinsic evidence of the agreement. This case is analogous to cases such as *Nelson v. Fire Insurance Exchange* (1987), 156 Ill. App. 3d 1017, 510 N.E.2d 137, which involved a contract of accord and satisfaction; by signing and cashing the check, the payee has accepted it with the condition expressed in the language thereon. This court reached a similar result outside the context of accord and satisfaction in *Pied Piper Yacht Charters Corp. v. Corbel* (1974), 17 Ill. App. 3d 281, 308 N.E.2d 35, which involved conditional language placed upon an earnest money check.

■ Laurel Motors claims that the check is not a contract because it received no consideration from the Bank. Consideration for a contract may consist of some right, interest, profit or benefit accruing to a party. (*Russell v. Jim Russell Supply, Inc.* (1990), 200 Ill. App. 3d 855, 860, 558 N.E.2d 115, 120.) In this case, Laurel Motors does not dispute that it cashed the check. Thus, the trial court did not err in concluding that Laurel Motors profited or benefited from the agreement.

■ Laurel Motors next contends that the trial court erred in granting summary judgment on count II of the complaint because there were genuine issues of material fact raised regarding Laurel Motors' affirmative defenses. Laurel Motors claims that these defenses should be deemed admitted because their answer was verified and the Bank did not reply to the defenses.

Laurel Motors notes that it alleged as an affirmative defense that the language on the back of the check was not an offer by the Bank, that Laurel Motors' signature was not an acceptance, that there was no mutual assent to the language and that there was no consideration. However, as noted above, there was a contract; thus, these affirmative defenses must necessarily fail.

Laurel Motors contends that Hazucka acted as the Bank's agent in delivering the check to Laurel Motors and that the failure to place the lien is a result of the negligence of the Bank through its agent. However, Laurel Motors cites no authority indicating that this is a valid defense to a breach of contract claim. Thus, the argument is deemed waived. Moreover, even assuming *arguendo* that Hazucka acted as the Bank's agent in delivering the check to Laurel Motors, there has been no showing that any duty allegedly imposed on Hazucka is imposed on him in an individual, rather than an agency, capacity.

Laurel Motors contends that the Bank failed to mitigate its damages in two ways. First, it is claimed that the Bank had a duty to follow up on Laurel Motors' failure to return the certificate of title. However, the record shows that the Bank did contact Laurel Motors on this subject.

Second, relying on *South Division Credit Union v. Deluxe Motors, Inc.* (1976), 42 Ill. App. 3d 219, 355 N.E.2d 715, Laurel Motors claims that the Bank should have pursued the collateral in the hands of Hazucka. However, the *Deluxe Motors* case is distinguishable from this appeal. Unlike the credit union in *Deluxe Motors*, the Bank here attempted to repossess the automobile. In addition, the automobile in the former case was apparently still in the hands of its purchaser, whereas the automobile in this case was resold.

Laurel Motors claims that the default may have occurred before the resale and that, if so, this case falls within the scope of *Deluxe Motors*. However, this court has recently indicated that the duty to mitigate should not be invoked by a breaching party as grounds for a hypercritical examination of the injured party's conduct. (*Pioneer Bank & Trust Co. v. Seiko Sporting Goods, U.S.A. Co.* (1989), 184 Ill. App. 3d 783, 790-91, 540 N.E.2d 808, 813.) In this case, Laurel Motors brought this defense to the attention of the trial court in its motion to reconsider. The record shows that the trial court was aware that the Bank included the amount of damages in its supporting affidavit and that Laurel Motors had produced no evidence or affidavit to counter the Bank's claim in this regard. Thus, Laurel Motors has failed to show that the trial court erred in rejecting the mitigation argument.

In sum, Laurel Motors has failed to show a genuine issue of material fact regarding count II of the Bank's complaint. As the entry of summary judgment for the entire measure of damages may be sustained regarding count II, we need not consider whether the entry of summary judgment regarding count I was in error.

For the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.