NEW HAVEN WATER COMPANY EMPLOYEES CREDIT UNION *v.* MICHAEL BURROUGHS ET AL.

CIRCUIT COURT                    SEVENTH CIRCUIT
                          FILE No. CV 7-713-17485

Memorandum filed July 25, 1973

*London, Michalik, Piskorski & Lynch,* of New Britain, for the plaintiff.

*Francis X. Dineen,* of New Haven, for the named defendant.

JACOBS, J.  The plaintiff brought this action to collect the balance allegedly due on a promissory note executed by the defendants on or about July

9, 1970. The defendant Michael Burroughs demurred to the complaint on the ground that it fails to allege facts showing compliance with, General Statutes § 42-98, a provision of the Retail Instalment Sales Financing Act, or § 42a-9-504, a provision of the Uniform Commercial Code.

## I

The defendant Burroughs, hereinafter called the defendant, avers that the complaint fails to demonstrate compliance with § 42-98. It must be pointed out, however, that § 42-98 refers expressly to the right of repossession for default by a "retail buyer"[1] on a "retail instalment contract"[2] or an "instalment loan contract."[3] From the definitions set forth in General Statutes § 42-83, it is clear that the defendant is not considered a "retail buyer" for the purposes of § 42-98. Likewise, it is clear that the promissory note executed by the defendant and cosigned by Benjamin Della Camera, whose 1968 automobile was put up as collateral, is neither a "retail instalment contract" nor an "instalment loan contract" within the meaning of § 42-98. Rather, it appears from the record that the defendant ob-

---

[1] " 'Retail buyer' means a person who buys or agrees to buy one or more articles of goods from a retail seller not for the purpose of resale or lease to others . . . and who executes a retail instalment contract or an instalment loan contract in connection therewith." General Statutes § 42-83 (h).

[2] " 'Retail instalment contract' means any security agreement . . . negotiated or entered into in this state, including . . . a mortgage, conditional sale contract or other instrument evidencing an agreement to pay the retail purchase price of goods, or any part thereof, in instalments over a period of time and pursuant to which a security interest . . . is retained or taken by the retail seller for the payment of the amount of such retail instalment contract." General Statutes § 42-83 (e).

[3] " 'Instalment loan contract' means any agreement to repay in instalments the amount loaned or advanced to a retail buyer for the purpose of paying the retail purchase price of goods and by virtue of which a security interest . . . is taken in the goods for the payment of the amount loaned or advanced . . . ." General Statutes § 42-83 (f).

tained a loan from the plaintiff and offered as collateral the automobile owned by Della Camera. The defendant was not purchasing the automobile, and no security interest was taken in any goods for the purchase of which money was loaned. Since, by its own terms, § 42-98 is inapplicable to the situation in question, the defendant's demurrer alleging the plaintiff's failure to plead compliance therewith is insufficient at law.

## II

The defendant also demurs on account of the plaintiff's failure to allege compliance with General Statutes § 42a-9-504. Specifically, the defendant contends that the notice requirement of § 42a-9-504 (3) is unsatisfied: "Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor . . . ." For the defendant to claim the protection of § 42a-9-504 (3), then, he must fall within the definition of "debtor" set forth in § 42a-9-105 (d): "Where the debtor and the owner of the collateral are not the same person, the term 'debtor' means the owner of the collateral in any provision of the article [9] dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires."

Since the notification provision (§ 42a-9-504 [3]) refers to the collateral but not to the obligation, it is clear that the "debtor" comprehended by that provision is the owner of the collateral. Because the defendant was not the owner of the automobile, he cannot be heard to complain of the plaintiff's alleged failure to notify him that it intended after default

to "sell, lease or otherwise dispose of . . . the collateral . . . ." General Statutes § 42a-9-504 (1). His demurrer raising this supposed defect is insufficient as a matter of law.

For the foregoing reasons, the defendant Burroughs' demurrer is overruled.