[Civ. No. 59794. Second Dist., Div. Four. July 29, 1981.]

AMERICAN BUSINESS CREDIT CORPORATION, Plaintiff and Respondent, v.
ROBERT D. KIRBY, Defendant and Appellant.

**COUNSEL**

J. Keith McGregor for Defendant and Appellant.

Dolman, Wolfe & Linden, Jay Woollacott and Jeffrey L. Linden for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—In 1973, defendant purchased from A. K. Equipment Company four vehicle vans. That purchase was under two "Security Agreements" calling for installment payments and expressly authorizing the seller to assign its rights thereunder to a finance company. The seller exercised that right and assigned the contracts to plaintiff herein. Defendant made progress payments on the contract for some time, until a dispute arose between him and the seller arising out of an alleged failure of seller to pay taxes on the vehicles—a failure which defendant contended prevented him from securing clear title from the Department of Motor Vehicles.[1] That dispute not having been resolved, defendant returned the four vehicles to the seller[2] and ceased making payments. The plaintiff thereupon declared a default and, after a notice of sale, sold the vehicles to the original seller for a price less than the amount due under the original purchase agreements and then, in this action, sued defendant for the resulting deficiency. Defendant here appeals from the deficiency judgment. We reverse.

### I

■ The effect of the contracts herein involved was to make the original seller a guarantor to the plaintiff of defendant's debt. It is the principal contention of defendant that, under subdivision (5) of section 9504 of the California Uniform Commercial Code, it was unlawful for the finance company to sell the vehicles to the original seller, but that the seller, being in possession of the vehicles, was obligated to give its own notice of default and sale and to sell the vehicles to some other purchaser. We disagree.

The provision relied on reads as follows: "(5) A person who is liable to a secured party under a guaranty, indorsement, repurchase agreement or the like and who receives a transfer of collateral from the secured party or is subrogated to his rights has thereafter the rights and duties of the secured party. Such a transfer of collateral is not a sale or

---

[1] The trial court correctly ruled that that dispute was immaterial to the present action. Paragraph 2 of the "General Provisions" of the sale contract, the duty to pay those taxes was on defendant. In any event, by paragraph 12 of those provisions, defendant had waived, as against plaintiff, any claims in that regard.

[2] The evidence is conflicting as to the date of that return. The trial court found that the return was a few days before plaintiff acted to declare a default and notice the sale. We are here bound by that finding.

disposition of the collateral under this division." The vice of defendant's contention is that the record does not show conduct falling within the statutory provision. Had plaintiff here, itself, repossessed the vehicles and then transferred them to the seller, the statute would have some possible application. But that did not happen here. In this case, defendant buyer transferred possession of the vehicles directly to the seller, advising plaintiff of that action. That action, not having been done at the instance or request of plaintiff, did not operate to affect plaintiff's security interest. The effect of the statute, as the cases cited to us indicate, is to require the seller-guarantor to then act, by its own sale, on which a deficiency judgment may be based. But no such transaction here occurred. Plaintiff, with its security rights still unaffected, properly treated defendant's conduct, and the notice to it, as a surrender—equivalent of a repossession—and then proceeded to make its own sale.

## II

At the time and place set forth in the notice of sale, one independent bidder appeared. Its bid was lower than that of the seller and the sale was confirmed as to that seller. Defendant contends, with vigor, that the seller could not be a legal bidder at the sale. Were we to accept that contention, the only result would be larger deficiency—a result defendant hardly desires. In any event, we see no reason why the seller-guarantor cannot be a valid bidder. In the comparable situation of foreclosure sales of real property it is common practice for the seller to "bid in" the property; the seller is, in fact, more likely than another bidder to know the real value; as here, the seller is unlikely to stand by and let a stranger secure property, for which the seller has a use, at a price less than reasonable value.

## III

Defendant also contends that the sale was not noticed and held in compliance with subdivision (3) of section 9504. We agree with that contention and conclude that the record before us does not show that the sale was made "in a commercially reasonable manner," as that subdivision requires.

The burden of proof of this element is on the secured party who conducts the sale. (*Barber* v. *LeRoy* (1974) 40 Cal.App.3d 336, 343 [115 Cal.Rptr. 272].) The record before us is practically nil as to that fact. We do not know the actual nature of the vehicles herein involved—we

are told only that they are "reefer vans" from which, at the most, we could conclude that they are designed for the transportation of cargo on the highways and that they require licensing by the Department of Motor Vehicles. Nothing tells us what kind of buyer would be likely to be interested in purchase of such vehicles. Copies of the notice of sale were sent to five (and only five) firms, identified only as "auctioneers and dealers." Nothing in the record tells us that those five firms had any interest in "reefer vans" or that, if so, they were the only five possible interested buyers. The notice of sale was published in the Los Angeles Daily Journal. While that publication met the requirement of publication in a "newspaper of general circulation," in the sense that that paper is authorized to publish legal notices, there is no showing that it is circulated among, or read by, dealers in "reefer vans." Plaintiff, who is, we are told, engaged in the business of financing the sale of such vans and other types of automotive equipment, must necessarily have been aware of potential purchasers. It is not unreasonable to require such a party to provide the court with proof that it had exposed the potential sale to at least a substantial number of potential buyers. As we have said above, no attempt at such proof was here made.

The judgment is reversed.

Files, P. J., and McClosky, J., concurred.

A petition for a rehearing was denied August 18, 1981, and on August 28, 1981, the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied September 23, 1981.