[Civ. No. 23733. Third Dist., Oct. 29, 1985.]

JOE RUTAN et al., Plaintiffs and Appellants, v.
SUMMIT SPORTS, INC., et al., Defendants and Respondents.

COUNSEL

Babitzke & Meleyco and Michael F. Babitzke for Plaintiffs and Appellants.

Morse, Morse & Morse, Brian D. Morse and John D. Kirihara for Defendants and Respondents.

OPINION

**PUGLIA, P. J.**—Defendants Summit Sports, Inc., a corporation, and Alan P. MacQuoid moved to set aside a default and default judgment in favor of plaintiffs Joe Rutan et al. Plaintiffs appeal from an order granting defendants' motion. One of the questions presented on appeal is whether a creditor's failure to give the debtor notice of sale of collateral securing a promissory note as required by California Uniform Commercial Code section 9504, subdivision (3), necessarily bars a deficiency judgment against the guarantor of the note. We conclude that it does not where, as here, the guarantor has waived notice.

On March 29, 1982, plaintiffs brought action against defendants to recover on a promissory note and to obtain possession of an airplane securing the note. The complaint alleged default on a note and security agreement executed by Summit Sports, Inc., and guaranteed by MacQuoid, its president. The prayer for relief sought $24,366.97 on the note, plus interest and attorney fees. Plaintiffs also requested orders permitting them to take possession of and sell the airplane with the net proceeds of sale to be applied to the debt.

Defendants were served with the summons and complaint but failed to respond. On July 12, 1982, plaintiffs requested entry of and the court entered the default of both defendants. At a hearing in September 1982, the court granted plaintiffs possession of the airplane but continued the default judgment hearing, indicating it wished to consider the details of sale of the airplane to assure that it would be conducted in a commercially reasonable manner.

In the spring of 1983, plaintiffs sold the airplane for $22,000. Following a hearing in May 1983, the court approved the sale and, after deducting expenses from the sale proceeds, determined plaintiffs were entitled to a deficiency judgment of $14,395.23, attorney fees of $1,500, and costs. The default judgment was entered on June 13, 1983.

On October 31, 1983, defendants made their first appearance in the action by moving to vacate the default and default judgment under Code of Civil

Procedure section 473 or, alternatively, under the court's inherent equitable power. The court granted the motion on the sole ground the deficiency judgment was barred by plaintiffs' failure before selling the collateral to comply with the notice requirements of California Uniform Commercial Code section 9504, subdivision (3).

On appeal, plaintiffs contend the court lacked jurisdiction to set aside the default pursuant to Code of Civil Procedure section 473 and otherwise abused its equitable power to do so. Plaintiffs further maintain that a secured creditor's failure to notify a debtor of an intended sale of collateral does not bar a deficiency judgment against a guarantor.

I

■ The general rule is that the six-month period within which to bring a motion to vacate under section 473 runs from the date of the default and not from the judgment taken thereafter. (*Nemeth* v. *Trumbull* (1963) 220 Cal.App.2d 788, 791 [34 Cal.Rptr. 127]; *Weiss* v. *Blumencranc* (1976) 61 Cal.App.3d 536, 541 [131 Cal.Rptr. 298].) ■ The reason for the rule is that vacation of the judgment alone ordinarily would constitute an idle act; if the judgment were vacated the default would remain intact and permit immediate entry of another judgment giving the plaintiff the relief to which his complaint entitles him. (*Nemeth, supra,* at pp. 791-792; *Howard Greer etc. Originals* v. *Capritti* (1950) 35 Cal.2d 886, 888-889 [221 P.2d 937]; see also *Weiss, supra,* at p. 541.)

Nonetheless, the "default and default judgment are separate procedures." (*Jonson* v. *Weinstein* (1967) 249 Cal.App.2d 954, 958 [58 Cal.Rptr. 32].) The latter does not necessarily have any bearing on, and *may* be set aside without disturbing, the former. (*Ibid.;* see also *Engebretson & Co.* v. *Harrison* (1981) 125 Cal.App.3d 436, 438, 445 [178 Cal.Rptr. 77]; *Becker* v. *S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 495 [165 Cal.Rptr. 825, 612 P.2d 915].)

■ The circumstances of the present case dictate that the default and default judgment be considered as discrete events. Since defendants' motion was made more than six months after the default was entered but within six months after the judgment, the court had jurisdiction under section 473 to grant relief from the judgment but not the default.

■ Moreover, the basis for the trial court's order does not constitute grounds in equity for setting aside the default. Manifestly, a defect in notice affecting the right to a deficiency judgment provides no equitable grounds for vacation of the earlier default. The duty to notify the debtor of the sale

of the collateral arose after the entry of default and had no impact on defendants' antecedent opportunity timely to present a defense to the complaint. Hence the default of both defendants was improperly vacated on the ground stated by the court.

## II

 The question remains whether the deficiency judgment was properly set aside under Code of Civil Procedure section 473 on a showing of "mistake, inadvertence, surprise, or excusable neglect" or, alternatively, by virtue of the court's inherent equity power to vacate a judgment obtained through "extrinsic fraud" or mistake. (See *County of San Diego* v. *Magri* (1984) 156 Cal.App.3d 641, 646-647 [203 Cal.Rptr. 52]; *Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 897-898 [187 Cal.Rptr. 592, 654 P.2d 775]; *Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 855 [48 Cal.Rptr. 620, 409 P.2d 700].)

Plaintiffs sued for two different forms of relief—recovery of the debt owing on the promissory note and possession of the collateral securing the note under the security agreement. (See *KMAP, Inc.* v. *Town & Country Broadcasters, Inc.* (1975) 49 Cal.App.3d 544 [122 Cal.Rptr. 420].) It is plain that the trial court never intended the "default" entered on July 12, 1982, to be conclusive of plaintiffs' right to a deficiency judgment. (See *Northrup Corp.* v. *Chaparral Energy, Inc.* (1985) 168 Cal.App.3d 725, 729-730 [214 Cal.Rptr. 173].) In granting plaintiffs possession of the collateral, the court expressly reserved jurisdiction to determine the reasonableness of any deficiency remaining between the proceeds of the sale of the plane and the full amount of the indebtedness.

 The right to a deficiency judgment is lost when the secured party fails to give proper notice to the debtor as required by California Uniform Commercial Code section 9504, subdivision (3). (*Atlas Thrift Co.* v. *Horan* (1972) 27 Cal.App.3d 999 [104 Cal.Rptr. 315, 59 A.L.R.3d 389]; *Western Decor & Furnishing Industries, Inc.* v. *Bank of America* (1979) 91 Cal.App.3d 293, 306-308 [154 Cal.Rptr. 287]; cf. cases collected in Annot. (1974) 59 A.L.R.3d 401.) Under the circumstances present here, section 9504, subdivision (3), permits the secured party, after a default on an indebtedness, to sell the collateral in a commercially reasonable manner but requires the secured party to give the debtor prior written notice of the time and place of sale.[1] "The purpose of notice is to give the debtor an

---

[1]Subdivision (3) of California Uniform Commercial Code section 9504 provides: "A sale or lease of collateral may be as a unit or in parcels, at wholesale or retail and at any time and place and on any terms, provided the secured party acts in good faith and in a com-

opportunity either to discharge the debt and redeem the collateral, to produce another purchaser, or to see that the sale is conducted in a commercially reasonable manner." (*Buran Equipment Co.* v. *H & C Investment Co.* (1983) 142 Cal.App.3d 338, 341 [190 Cal.Rptr. 878].)

■ Lack of notice need not be raised as an affirmative defense. Rather, the secured party bears the burden of alleging and proving compliance with section 9504, subdivision (3), as a condition to obtaining a deficiency judgment following the sale of collateral. (*Barber* v. *LeRoy* (1974) 40 Cal.App.3d 336, 343-344 [115 Cal.Rptr. 272]; see also *J. T. Jenkins Co.* v. *Kennedy* (1975) 45 Cal.App.3d 474, 482 [119 Cal.Rptr. 578]; *Clark Equipment Co.* v. *Mastelotto, Inc.* (1978) 87 Cal.App.3d 88, 95 [150 Cal.Rptr. 797].)

■ At oral argument counsel acknowledged plaintiffs' failure to give notice of sale to defendants and virtually conceded that this failure foreclosed plaintiffs from obtaining a valid deficiency judgment against the debtor. Accordingly, counsel agrees that the order vacating the deficiency judgment as to defendant Summit Sports must be affirmed.

---

mercially reasonable manner. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, the secured party must give to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale, and to any other person who has a security interest in the collateral and who has filed with the secured party a written request for notice giving his address (before that secured party sends his notification to the debtor or before debtor's renunciation of his rights), a notice in writing of the time and place of any public sale or of the time on or after which any private sale or other intended disposition is to be made. Such notice must be delivered personally or be deposited in the United States mail postage prepaid addressed to the debtor at his address as set forth in the financing statement or as set forth in the security agreement or at such other address as may have been furnished to the secured party in writing for this purpose, or, if no address has been so set forth or furnished, at his last known address, and to any other secured party at the address set forth in his request for notice, at least five days before the date fixed for any public sale or before the day on or after which any private sale or other disposition is to be made. Notice of the time and place of a public sale shall also be given at least five days before the date of sale by publication once in a newspaper of general circulation published in the county in which the sale is to be held. Any public sale shall be held in the county or place specified in the security agreement, or if no county or place is specified in the security agreement, in the county in which the collateral or any part thereof is located or in the county in which the debtor has his residence or chief place of business, or in the county in which the secured party has his residence or a place of business if the debtor does not have a residence or chief place of business within this state. If the collateral is located outside of this state or has been removed from this state, a public sale may be held in the locality in which the collateral is located. Any public sale may be postponed from time to time by public announcement at the time and place last scheduled for the sale. The secured party may buy at any public sale and if the collateral is customarily sold in a recognized market or is the subject of widely or regularly distributed standard price quotations he may buy at private sale. Any sale of which notice is delivered or mailed and published as herein provided and which is held as herein provided is a public sale."

Counsel makes no such concession, however, with respect to defendant MacQuoid, the guarantor of the promissory note executed by Summit Sports. The guaranty was unconditional in nature and contained express waivers of the rights (1) to assert any defenses available to Summit Sports and (2) to any notice when plaintiffs exercised their rights against the debtor to hold, sell, release or otherwise dispose of the collateral. Even assuming that a guarantor is otherwise entitled to the protections of section 9504, subdivision (3),[2] the guaranty agreement signed by MacQuoid purports to waive those protections whether predicated on plaintiffs' failure to give notice to Summit Sports or to MacQuoid.

A debtor cannot before default waive the right to notification of sale of collateral. (*Barber* v. *LeRoy, supra,* 40 Cal.3d at p. 344.) California Uniform Commercial Code section 9501, subdivision (3), specifically bars such a waiver on the part of a "debtor." (*Barber* v. *LeRoy,* 40 Cal.App.3d at pp. 342-343.)[3] Though no California case has considered the issue a federal court applying California law has determined that a guarantor is not a "debtor" within the meaning of California Uniform Commercial Code section 9501, subdivision (3). (*United States, etc.* v. *Kurtz* (E.D.Pa. 1981) 525 F.Supp. 734, 745-746, affd. (3d Cir. 1982) 688 F.2d 827, cert. den. *sub. nom., Kurtz* v. *United States, etc.* (1982) 459 U.S. 991 [74 L.Ed.2d 387, 103 S.Ct. 347].) *Kurtz* concluded that a guarantor could therefore waive the protections which otherwise might be afforded by section 9504, subdivision (3), of the California Uniform Commercial Code. (At p. 746, citing *Brunswick Corp.* v. *Hays* (1971) 16 Cal.App.3d 134, 138 [93 Cal.Rptr. 635], and *Wiener* v. *Van Winkle* (1969) 273 Cal.App.2d 774, 787 [78 Cal.Rptr. 761]; see also *Union Bank* v. *Ross* (1976) 54 Cal.App.3d 290, 294 [126 Cal.Rptr. 646]; *American Security Bank* v. *Clarno* (1984) 151 Cal.App.3d 874, 882 [199 Cal.Rptr. 127].)[4] We believe *Kurtz* correctly decided the waiver issue. Hence, if default was properly entered, plaintiff is entitled to a deficiency judgment against defendant MacQuoid notwithstanding the debtor was not given notice of sale of the collateral. The foregoing analysis and conclusion are offered for the guidance of the trial court

---

[2]See cases debating the point which are collected in Annot. (1981) 5 A.L.R.4th 1291.

[3]Subdivision (3) of section 9501 provides in part: "To the extent that they give rights to the debtor and impose duties on the secured party, the rules stated in the subdivisions referred to below may not be waived or varied except as provided with respect to compulsory disposition of collateral (subdivision (3) of Section 9504 and Section 9505) and with respect to redemption of collateral (Section 9506) but the parties may by agreement determine the standards by which the fulfillment of these rights and duties is to be measured if such standards are not manifestly unreasonable: . . . [¶] (b) Subdivision (3) of Section 9504 and subdivision (1) of Section 9505 which deal with disposition of collateral; . . ."

[4]Applying analogous provisions of the Montana Uniform Commercial Code, the Court of Appeals for the Ninth Circuit has arrived at the same conclusion. (*First Nat. Park Bank* v. *Johnson* (9th Cir. 1977) 553 F.2d 599, 601-602; see also *United States* v. *Lattauzio* (10th Cir. 1984) 748 F.2d 559, 562-563.)

on remand and are not dispositive of the rights of the parties because it has not been finally determined whether entry of default was proper.

In addition to the ground upon which the trial court ruled, defendants asserted plaintiffs secured entry of their default through extrinsic fraud. The trial court did not rule upon this issue. ■ Extrinsic fraud is a broad concept and extends to circumstances preventing a fair adversarial hearing. (*Baske* v. *Burke* (1981) 125 Cal.App.3d 38, 43 [177 Cal.Rptr. 794]; see also *In re Marriage of Park* (1980) 27 Cal.3d 337, 342 [165 Cal.Rptr. 792, 612 P.2d 882].) If in the action the defaulting party has had no reasonable opportunity to present a meritorious defense, equitable relief may be available. (*Baske* v. *Burke,* 125 Cal.App.3d at p. 43.) The claim of extrinsic fraud tenders issues of fact which the trial court did not resolve. ■ "Although an appellate court may affirm an order upon a theory of law other than that adopted by the trial court, it is not appropriate to do so by exercising a discretion and making factual decisions to which the trial court has never addressed itself." (*Jonson* v. *Weinstein, supra,* 249 Cal.App.2d at p. 960, citing *Zak* v. *State Farm etc. Ins. Co.* (1965) 232 Cal.App.2d 500, 506 [42 Cal.Rptr. 908].) As an application for relief from default is addressed in the first instance to the discretion of the trial court, we shall remand for further proceedings and a determination whether in the exercise of its equitable power defendants are entitled to relief from the default which preceded the judgment. In the event defendant MacQuoid prevails on remand, his motion to set aside the default judgment must also be granted.

That portion of the order vacating the default judgment against Summit Sports is affirmed. Those portions vacating the default judgment against MacQuoid and vacating the defaults of both defendants are reversed and the matter remanded with directions to reconsider the motion in accordance with the views expressed in this opinion.

Regan, J., and Carr, J., concurred.