[No. A029060. First Dist., Div. One. Aug. 27, 1986.]

WILLIAM J. CONNOLLY et al., Plaintiffs and Respondents, v.
BANK OF SONOMA COUNTY, Defendant and Appellant.

**COUNSEL**

Anderson, Zeigler, Disharoon & Gray, Edwin C. Anderson, Jr., Willard A. Carle III, David G. Bjornstrom, Freitas, McCarthy, Bettini, MacMahon, Freitas & Lemon and Bryan R. McCarthy for Defendant and Appellant.

Jackson, Tufts, Cole & Black, Michael J. Baker and Lucia L. Blakeslee for Plaintiffs and Respondents.

## OPINION

**ELKINGTON, Acting P. J.**—Defendant Bank of Sonoma County (presently Westamerica Bank) appeals from a partial summary judgment in favor of plaintiffs and respondents William J. and Nancy Connolly in which the trial court declared the Connollys' personal guaranty to the Bank of Sonoma County (Bank) void and unenforceable, barred recovery of any deficiency arising from the underlying loan guaranteed by the Connollys, and quieted title to the Connollys' personal residence. Finding that the papers presented to the trial court by the parties do not give rise to any triable issue of fact (*Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.* (1971) 4 Cal.3d 842, 851-852 [94 Cal.Rptr. 785, 484 P.2d 953]), we affirm.

The facts are undisputed. On March 4, 1975, the Bank loaned $335,000 to Stol Air, Inc. (Stol), a corporation wholly owned by the Connollys. The Bank took as collateral a security interest in Stol's equipment and three airplanes. Additionally, the Connollys signed a personal guaranty of the loan secured by a deed of trust on their home in favor of the Bank. The guaranty contained extensive waivers, including the right to notice prior to the disposition of the collateral in the event of default.

The Connollys sold all of the assets and liabilities of Stol to WestAir Commuter Airlines, Inc. (WestAir) in 1978, retaining full ownership of Stol's stock. WestAir never formally assumed the Bank's loan; Stol, now an inactive corporation, remained the principal debtor.

In July 1978, WestAir sold one of the three aircraft. Pursuant to an agreement among all of the parties, only a portion of the proceeds was credited to the debt, reducing the loan balance to $217,638.55.

Because no further payments were made on the loan, the Bank foreclosed in March 1979, notifying the Connollys that it had repossessed the remaining two aircraft and advising them of their right to liquidate the unpaid balance of the loan. Subsequently, the Bank advised the Connollys by certified letter that the airplanes would be sold to the highest bidder at a sale to take place on July 5, 1979, with a minimum acceptable bid of $233,000, a figure in excess of the remaining loan balance. No bids were received.

Without giving further notice to the Connollys or to Stol, the Bank sold the aircraft in separate sales for a combined total of $136,750. It then demanded that the Connollys, as guarantors, pay the loan's balance of approximately $130,000 and attempted to recover the deficiency by filing a foreclosure notice on the deed of trust on the Connollys' residence.

In response, the Connollys filed a complaint for injunctive relief, damages, declaratory relief, and quiet title, arguing that the Bank's failure to give timely notice of the sale of the airplanes as required by the California Uniform Commercial Code precluded the Bank from recovering any deficiency from them as guarantors. The superior court agreed, issuing a partial summary judgment in favor of the Connollys on all causes of action other than that alleging damages.

The primary issues essentially raised by the Bank's appeal are: (1) whether California Uniform Commercial Code section 9504, subdivision (3),[1] requires a secured party to notify upon default a guarantor of a promissory note secured by collateral of the sale or disposition of that collateral; (2) if so, whether failure to notify the guarantor bars a deficiency judgment against that guarantor; and (3) whether a guarantor prior to default may waive any right to notice that he or she may have.

A secured party may repossess the collateral upon default. (§ 9503.) Section 9504, subdivision (3),[2] allows the secured party to sell or otherwise dispose of the collateral but requires the creditor to conduct the sale in a commercially reasonable manner and to give notice to the "debtor" prior to the sale unless the debtor, *after default,* has signed a statement waiving his rights. (*Western Decor & Furnishings Industries, Inc.* v. *Bank of America* (1979) 91 Cal.App.3d 293, 306 [154 Cal.Rptr. 287].) It is well established in California that failure to comply with the notice requirement precludes the secured party from recovering a deficiency judgment against the "debtor." (*Rutan* v. *Summit Sports, Inc.* (1985) 173 Cal.App.3d 965, 971 [219 Cal.Rptr. 381]; *Atlas Thrift Co.* v. *Horan* (1972) 27 Cal.App.3d 999, 1009 [104 Cal.Rptr. 315, 59 A.L.R.3d 389].)

---

[1]All statutory references are to the California Uniform Commercial Code unless otherwise stated.

[2]California Uniform Commercial Code section 9504, subdivision (3), provides in pertinent part: "A sale or lease of collateral may be as a unit or in parcels, at wholesale or retail and at any time and place and on any terms, provided the secured party acts in good faith and in a commercially reasonable manner. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, *the secured party must give to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale,* and to any other person who has a security interest in the collateral . . . *a notice in writing of the time and place of any public sale or of the time on or after which any private sale or other intended disposition is to be made.* Such notice must be delivered personally or be deposited in the United States mail postage prepaid addressed to the *debtor* . . . at least five days before the date fixed for any public sale or before the day on or after which any private sale or other disposition is to be made. . . ." (Our italics.)

Section 9501, subdivision (3),[3] prohibits waiver or variance of these provisions by the "debtor." Accordingly, "[n]otice may not be waived by the *debtor prior* to default on his obligation." (*Krueger* v. *Bank of America* (1983) 145 Cal.App.3d 204, 214 [193 Cal.Rptr. 322]; our italics.) Any agreement "which constitutes an antecedent waiver of the provisions of section 9504, subdivision (3), constitutes a violation of section 9501, subdivision (3), is therefore contrary to public policy and consequently it is void." (*Barber* v. *LeRoy* (1974) 40 Cal.App.3d 336, 344 [115 Cal.Rptr. 272].)

Because the California Uniform Commercial Code, as well as the cases construing its provisions, consistently refer to "debtor," the resolution of the issues raised by this appeal pivots upon whether a "guarantor" is a "debtor" within the meaning of Division 9 of the code.

Section 9105, subdivision (d), provides: "'Debtor' means the person who owes payment or other performance of the obligation secured, whether or not he or she owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, 'debtor' means the owner of the collateral in any provision of the division dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires."

■ The Bank contends that a guarantor is not a debtor within the meaning of the above definition and consequently is not entitled to the rights and protections that the California Uniform Commercial Code affords debtors, or to the judicially created remedies available to the debtor upon the secured party's noncompliance with the code's provisions. In so arguing, the Bank relies on *United States, etc.* v. *Kurtz* (E.D.Pa. 1981) 525 F.Supp. 734, 745-746, in which a federal district court interpreting California law concluded that a guarantor is not a debtor and therefore may antecedently waive the protections provided by section 9504, subdivision (3). The Bank's position is strengthened by the recent California decision of *Rutan* v. *Summit Sports, Inc., supra,* 173 Cal.App.3d 965, apparently the only California case that has addressed this question.

---

[3]Section 9501, subdivision (3), provides in pertinent part: "To the extent that they give rights to the *debtor* and impose duties on the secured party, the rules stated in the subdivisions referred to below may not be waived or varied except as provided with respect to compulsory disposition of collateral (subdivision (3) of Section 9504 and Section 9505) and with respect to redemption of collateral (Section 9506) but the parties may by agreement determine the standards by which the fulfillment of these rights and duties is to be measured if such standards are not manifestly unreasonable. . . .

"(b) Subdivision (3) of Section 9504 and subdivision (1) of Section 9505 which deal with disposition of collateral. . . ." (Our italics.)

In a conclusory opinion, the Third District in *Rutan* agreed with the result reached in *Kurtz* that the code's definition of debtor does not encompass a guarantor. The court determined that a secured party therefore is entitled to a deficiency judgment against a guarantor, although neither the debtor nor the guarantor received prior notice of the sale of the collateral, provided that the entry of default was proper. (173 Cal.App.3d at p. 973.)

Although several courts in other jurisdictions also have adopted this position (see, e.g., *New Haven Water Co. Employees Credit Union* v. *Burroughs* (1973) 6 Conn. Cir. 709 [313 A.2d 82]; *Brinson* v. *Commercial Bank* (1976) 138 Ga.App. 177 [225 S.E.2d 701]; *A. J. Armstrong Co.* v. *Janburt Embroidery Corp.* (1967) 97 N.J. Super. 246 [234 A.2d 737]), the overwhelming majority of courts considering this question have reached the opposite conclusion, holding that a guarantor is a debtor within the meaning of section 9501, subdivision (3), and therefore entitled to the rights and remedies provided by section 9504, subdivision (3), including notice. (See, e.g., *First Alabama Bank of Montgomery, N.A.* v. *Parsons* (Ala.Civ.App. 1980) 390 So.2d 640, 642-643; *First Nat. Bank of Denver* v. *Cillessen* (Colo.App. 1980) 622 P.2d 598, 600; *Hepworth* v. *Orlando Bank & Trust Co.* (Fla.App. 1975) 323 So.2d 41, 42; *Liberty Bank* v. *Honolulu Providoring, Inc.* (1982) 65 Hawaii 273 [650 P.2d 576, 580]; *McEntire* v. *Indiana Nat. Bank* (Ind.App. 1985) 471 N.E.2d 1216, 1223; *Chemlease Worldwide Inc.* v. *Brace, Inc.* (Minn. 1983) 338 N.W.2d 428, 433; *Butte State Bank* v. *Williamson* (1983) 215 Neb. 296 [338 N.W.2d 598, 600]; *Chase Manhattan Bank, N.A.* v. *Natarelli* (N.Y. Sup.Ct. 1977) 401 N.Y.S.2d 404, 412; *Zions First Nat. Bank* v. *Hurst* (Utah 1977) 570 P.2d 1031, 1033; *Adams* v. *B & D Builders & Developers* (1984) 144 Vt. 353 [477 A.2d 628, 630]; *Rhoten* v. *United Virginia Bank* (1980) 221 Va. 222 [269 S.E.2d 781, 785].)

In so holding, these courts generally have reasoned that the purpose of the notification requirement is to provide "the debtor an opportunity to bid at the sale, safeguard his right of redemption and permit him to reduce his potential liability by utilizing all practicable means of doing so." (*Chase Manhattan Bank, N.A.* v. *Natarelli, supra,* 401 N.Y.S.2d at p. 412; accord *Buran Equipment Co.* v. *H & C Investment Co.* (1983) 142 Cal.App.3d 338, 341 [190 Cal.Rptr. 878].) Upon default, the guarantor becomes the primary debtor and is liable for any deficiency after sale or performance of other obligation. (See, e.g., *Hepworth* v. *Orlando Bank & Trust Co., supra,* 323 So.2d at p. 42; *Chemlease Worldwide, Inc.* v. *Brace, Inc., supra,* 338 N.W.2d at p. 433.) Accordingly, a guarantor has as much interest in protecting his rights during the sale or disposition of the collateral as does the primary debtor and therefore is equally entitled to notice.

We find this reasoning persuasive and particularly applicable where, as in this case, the shareholders of the principal debtor are also the guarantors of that debt. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal § 795, pp. 768-769.) The Connollys in effect are the primary obligors of the Bank's loan. (See *Chemlease Worldwide, Inc.* v. *Brace, Inc., supra,* 338 N.W.2d at p. 433.) Denying them or other guarantors the protections afforded to debtors under the relevant sections of the California Uniform Commercial Code would create a means by which the secured party may circumvent the mandatory requirements of section 9504, subdivision (3), with impunity, thereby undermining the essential protective purpose of the statute.

We therefore hold that a guarantor is a debtor within the meaning of section 9105, subdivision (d), and entitled to the rights and protections that section 9504, subdivision (3), extends to debtors. Accordingly, the Bank's failure to notify the Connollys bars it from recovering a deficiency against them. Any waivers the Connollys signed as guarantors prior to default are ineffective.

By aligning ourselves with the majority rule, we believe that we are furthering a fundamental purpose of the Uniform Commercial Code, specifically "[t]o make uniform the law among the various jurisdictions." (§ 1102, subdivision (2)(c).) For this reason as well as the considerations previously discussed, we have declined to follow the holding of *Rutan* v. *Summit Sports, Inc., supra,* 173 Cal.App.3d 965.

■ The Bank alternatively asserts that the deed of trust actually was intended to secure the primary loan to Stol rather than the Connollys' personal guaranty. The Bank therefore contends that it has the right to foreclose and exercise its power of sale under the deed of trust pursuant to the applicable laws governing real property. (§ 9501, subdivision (4).) At the very least, argues the Bank, the matter must be remanded because a question of fact exists as to whether the deed of trust secures the personal guaranty or the corporate loan. We disagree.

In the defendant's separate statement in response to plaintiffs' statement of undisputed material facts submitted to and approved by the trial court, the Bank specifically agreed with the Connollys' assertions that the loan to Stol "was secured by a security interest in three of Stol's aircraft and all of Stol's equipment" and that "[t]he Connollys signed a personal guaranty of the loan secured by a deed of trust in favor of the Bank on their home in San Rafael." Because the Bank has admitted that the deed of trust secured the personal guaranty rather than the loan to Stol, we discern no triable issue of fact. (See Witkin, Cal. Evidence (2d ed. 1966) §§ 501, 505, pp. 472, 475, and cases cited therein.)

 Finally, we see no merit to the Bank's argument that the trial court improperly exercised its equity jurisdiction in quieting title to the Connollys' residence.

The partial summary judgment is affirmed.

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied September 26, 1986, and appellant's petition for review by the Supreme Court was denied November 26, 1986. Mosk, J., was of the opinion that the petition should be granted.