[No. F007555. Fifth Dist. Apr. 27, 1988.]

AMERICAN NATIONAL BANK, Plaintiff and Respondent, v.
PERMA-TILE ROOF COMPANY et al., Defendants and Appellants.

890

## COUNSEL

Perez, Makasian, Willaims & Sanchez and Robert Gray Williams for Defendants and Appellants.

Wild, Carter, Tipton & Oliver and C. Richard Walters for Plaintiff and Respondent.

## OPINION

BALLANTYNE, J.—

### FACTS AND PROCEEDINGS BELOW

American National Bank loaned Perma-Tile Roof Company $100,000. The loan was secured by a security agreement on all Perma-Tile personal property. The loan was further secured by personal guaranties executed by Vincent Todisco, Dr. Frank Johnson, Joseph Ogle and I. D. Foreman.

The guaranties contained clauses waiving all of the guarantors' remedies. The last paragraph of the guaranty recites a waiver of all legal rights: "EACH OF US ACKNOWLEDGES THAT ANY LEGAL RIGHTS WE MIGHT OTHERWISE HAVE HAD HAVE BEEN WAIVED UNDER THIS GUARANTY. EACH OF US HAS READ THIS GUARANTY AND WARRANTS THAT SUCH WAIVERS AND THEIR IMPLICATIONS ARE UNDERSTOOD."

Perma-Tile defaulted on the loan. American National filed a complaint alleging that the defendants owed principal of $100,000 and accrued interest of $11,981.94.

The complaint further alleged that the value of equipment described in the security agreements was $400,000. In their answer, defendants raised the affirmative defense that the bank was not entitled to a deficiency judgment because it had collateral valued at $400,000. The bank successfully secured the collateral by writ of possession and then sold it.

At trial the bank called special assets officer Tina Bray as its only witness. Bray testified that the $100,000 debt was reduced to $44,220 in principal and $20,895 in interest from the sale of collateral in June and September of 1985. When asked on cross-examination about the amount of proceeds received for each item of collateral, the bank's counsel, Mr. Walters, objected.

Mr. Stefano, counsel for the defendants, argued that the defendants were entitled to know whether repossessed equipment was sold in a commercially reasonable manner. Stefano also asserted that notice of the sale to the guarantors was defective under California Uniform Commercial Code section 9504.[1]

Walters argued that fair market value was immaterial, that the only relevant issues under section 9504 were notice and whether the sale was commercially reasonable. Walters further argued that the defendants did not plead these issues.

The trial court found that the only issue before it was to determine the amount of the note, not to resolve problems with the sale of collateral. The court sustained the bank's objections. It limited questioning of the bank's officer to the balance of the debt and the content of the continuing guaranties.

When defense counsel began questioning Bray concerning the notices of sale, the bank's objections were sustained. In its final judgment, the trial court made the following finding on the defendants' claim that the bank was not entitled to a deficiency judgment: ". . . [T]he areas of commercially reasonable sales, deficiency judgments and notice are not relevant because the defendants have signed guaranties for the debt which is the subject of this litigation. The guaranties, which are Exhibits 2, 3 and 4 in evidence, expressly waive the rights of defendants to the defenses available to borrowers. Therefore, plaintiff is entitled to judgment against the defendants FRANK V. JOHNSON, I. D. FOREMAN and VINCENT D. TODISCO, and each of them, as prayed. Good cause appearing therefor, . . ."

The defendants assert on appeal that the bank failed to meet its burden of proof. Defendants contend that to obtain a deficiency judgment the bank has to prove that the sale of collateral was properly noticed and conducted

---

[1] All references to code sections are to the California Uniform Commercial Code unless otherwise noted.

in a commercially reasonable manner as required under section 9504. We agree and reverse the judgment.

## GUARANTORS' RIGHT TO NOTICE

### A. *Guarantor Status.*

■  The first case to directly rule upon the issue of a guarantor's right to notice of a sale of collateral by a secured party in California pursuant to section 9504 was *Rutan* v. *Summit Sports, Inc.* (1985) 173 Cal.App.3d 965 [219 Cal.Rptr. 381]. Following a federal district court case, *Rutan* summarily concluded that a guarantor could waive the protections of section 9504. (173 Cal.App.3d at pp. 973-974.) *Rutan* was decided by the Court of Appeal, Third Appellate District.

Nearly one year after *Rutan* was decided, the Court of Appeal, First Appellate District, published *Connolly* v. *Bank of Sonoma County* (1986) 184 Cal.App.3d 1119 [229 Cal.Rptr. 396]. In *Connolly,* loans were secured by personal guaranties. Before interpreting section 9504, *Connolly* analyzed section 9105, subdivision (1)(d).[2] *Connolly* held that the term "debtor" in section 9105, subdivision (1)(d), includes one who owes payment or other performance under the secured obligation whether or not that party owns or has rights in the collateral. (184 Cal.App.3d at pp. 1123-1124.) Under section 9105, subdivision (1)(d), a section that defines key words and phrases used in article 9 of the Uniform Commercial Code, a guarantor is a debtor.

*Connolly* then reviews the case law from other jurisdictions resolving this issue. Although *Connolly* found three jurisdictions that follow the rule that a guarantor is not a debtor under section 9504, *Connolly* lists cases from eleven other jurisdictions which hold that a guarantor is a debtor entitled to the protections of section 9504. (184 Cal.App.3d at p. 1124.) We have found two additional jurisdictions that hold that the guarantor has the same rights as a debtor under section 9504. (*Stockdale, Inc.* v. *Baker* (Iowa 1985) 364 N.W.2d 240, 243; *Clune Equipment Leasing Corp.* v. *Spangler* (Mo.App. 1981) 615 S.W.2d 106, 108.)

The overwhelming majority of jurisdictions that have confronted the issue hold that a guarantor is a debtor within the meaning of article 9 of the Uniform Commercial Code.

---

[2] Section 9105, subdivision (1)(d), states: " 'Debtor' means the person who owes payment or other performance of the obligation secured, whether or not he or she owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, 'debtor' means the owner of the collateral in any provision of the division dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires."

The *Connolly* case further reasoned that the purpose of notification is to provide the debtor with an opportunity to bid at a sale and to safeguard the debtor's right of redemption. Where the debtor defaults, the guarantor becomes the primary debtor and is liable for any deficiency after the sale of the collateral. *Connolly* reasoned that denying guarantors the protections afforded to debtors under the Uniform Commercial Code would create a means by which the secured party could circumvent the mandatory require-ments of section 9504, subdivision (3), with impunity. *Connolly* found that this would undermine the essential protective purpose of the statute. (184 Cal.App.3d at pp. 1124-1125.)

The third California case to decide this issue comes from the Court of Appeal, Second Appellate District. *C.I.T. Corp.* v. *Anwright Corp.* (1987) 191 Cal.App.3d 1420 [237 Cal.Rptr. 108] also held that a guarantor is a debtor and must be given notice of the sale of collateral under section 9504. *C.I.T.* critically analyzed the federal decision upon which the *Rutan* ration-ale rested. (See *United States, etc.* v. *Kurtz* (E.D.Pa. 1981) 525 F.Supp. 734, 745-746.) *C.I.T.* found that the *Kurtz* decision followed a series of federal cases in which waivers in Small Business Administration loan collection cases were upheld. The *Kurtz* court found, without analyzing the Uniform Commercial Code, that California courts show a willingness to allow guar-antors to waive protections of their security interest under the California Civil Code. *C.I.T.* then found a decision from the same federal district court criticizing *Kurtz*. (191 Cal.App.3d at pp. 1425-1426.) *C.I.T.* held that a guarantor was a debtor within the meaning of section 9504. It expressly declined to follow the holding of *Rutan* and concurred with the rationale of the *Connolly* decision. (191 Cal.App.3d at p. 1427.)

The rationale of the *Connolly* and *C.I.T.* decisions is very persuasive. The *Rutan* decision rests upon a federal case that is criticized within its own district. Under the American majority rule, a guarantor is a debtor within the meaning of article 9 of the Uniform Commercial Code. Because a guarantor essentially stands in the shoes of the debtor, the majority rule is the better-reasoned rule. The requirement that banks notify guarantors of the sale of collateral, unless the guarantor has waived such notice *after* default, is not an onerous burden. We adopt the majority rule and the rationale of the *Connolly* and *C.I.T.* cases and hold that a guarantor is a debtor within the meaning of section 9504.

B.   *The Right to a Deficiency Judgment Under Section 9504.*

Section 9504 sets forth a priority for the disposition of proceeds. Subdivi-sion (2) requires the creditor to make an accounting for any surplus in the sale of collateral. Subdivision (2) makes the debtor liable, however, for any

deficiency after the sale of collateral. Subdivision (3) of section 9504 makes notice of the sale by a secured party to a debtor mandatory unless the goods are perishable, threaten to decline speedily or are customarily sold on a recognized market. Subdivision (3) of section 9504 limits a waiver of notice of sale by the debtor to express waivers executed *after default*.[3]

The guarantors in the instant action executed waivers of any legal rights *before* default. The guaranties were executed in June of 1983 and default occurred a year later in July of 1984. California courts also follow the American majority rule with regard to the failure of a secured party to comply with the notice provisions of section 9504. ■ Where the secured party fails to comply with the notice requirements of section 9504, it is barred from obtaining a deficiency judgment. (*American Business Credit Corp.* v. *Kirby* (1981) 122 Cal.App.3d 217, 220-221 [175 Cal.Rptr. 720]; *Western Decor & Furnishing Industries, Inc.* v. *Bank of America* (1979) 91 Cal.App.3d 293, 306-308 [154 Cal.Rptr. 287]; *Barber* v. *LeRoy* (1974) 40 Cal.App.3d 336, 341-343 [115 Cal.Rptr. 272]; *Atlas Thrift Co.* v. *Horan* (1972) 27 Cal.App.3d 999, 1009 [104 Cal.Rptr. 315, 59 A.L.R.3d 389].)

Thus, a debtor cannot waive its right to notice of the sale of collateral before default. Any waiver must occur after default. As discussed above, guarantors in California stand in the shoes of the debtor. Therefore, the guarantors' waiver of rights before default in the instant action means that the bank must comply with the requirements of section 9504 to obtain a deficiency judgment.

## C. Burden of Proof.

■ The secured party who conducts a sale of collateral must allege and prove compliance with the requirements of section 9504 to recover a deficiency judgment. (*Barber* v. *LeRoy, supra,* 40 Cal.App.3d 336, 343.) This court has held that the failure to properly plead compliance with section 9504 does not compel reversal of a judgment for the secured party where there was sufficient evidence at trial to establish that notice was proper and that the sale was made in a commercially reasonable manner. The effect of our holding is that the failure to plead compliance with section 9504 was harmless where the elements necessary to obtain judgment were

---

[3] In relevant part, section 9504, subdivision (3) states: ". . . Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, the secured party must give to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale, . . . a notice in writing of the time and place of any public sale or of the time on or after which any private sale or other intended disposition is to be made. . . ."

proved at trial anyway. (See *Clark Equipment Co.* v. *Mastelotto, Inc.* (1978) 87 Cal.App.3d 88, 96-97 [150 Cal.Rptr. 797].)

When defendants attempted to question the bank's officer regarding the issues of notice and the commercial reasonableness of the sale of collateral, the bank's attorney objected. Unlike *Clark Equipment Co.,* the secured party here not only failed to plead compliance with section 9504, it also failed to prove compliance with section 9504 at trial. There is no merit to the bank's contention at trial and on appeal that the defendants failed to plead noncompliance with section 9504. To obtain a deficiency judgment against the guarantors/debtors, the bank clearly bears the burden to plead and/or to prove compliance with section 9504.

Because there has been a continuing and legitimate dispute between the parties in this action as to whether or not a guarantor is a debtor within the meaning of section 9504, it was not completely unreasonable for the bank to object to the defendants' attempt to show noncompliance under section 9504 or for the trial court's ruling barring evidence of anything other than the amount due on the note. Therefore, this case will have to be remanded to the trial court for a new trial to give the parties the opportunity to litigate the issues of notice and the commercial reasonableness of the bank's sale of collateral under section 9504.

### DISPOSITION

The judgment is reversed and the case is remanded for further proceedings consistent with this decision. The parties are to bear their own costs on appeal.

Woolpert, Acting P. J., and Brown (G. A.), J.,* concurred.

---

* Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.