Filed 2/18/14  Syelsky v. Edwards CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| LISA SYELSKY and VLADIMIR SYELSKY, <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> JEFFREY EDWARDS, <br><br> Defendant and Respondent. | B247866 <br><br> (Los Angeles County Super. Ct. No. SC115235) <br><br><br> **ORDER MODIFYING OPINION (NO CHANGE IN JUDGMENT)** |

THE COURT:

It is ordered that the opinion filed herein January 27, 2014 and not certified for publication, be modified as follows:

1.  On the title page, counsel for plaintiffs and appellants was erroneously listed as: "Law Offices of Ronald N. Richard and Nicholas A. Bravo for Plaintiffs and Appellants."

    It should read:

    "Law Offices of Ronald Richards and Associates, Ronald N. Richards and Nicholas A. Bravo for Plaintiffs and Appellants."

    The foregoing does not change the judgment.

_____
PERLUSS, P. J.,                          ZELON, J.,                          WOODS, J.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| LISA SYELSKY and VLADIMIR SYELSKY,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>JEFFREY EDWARDS,<br><br>    Defendant and Respondent. | B247866<br><br>(Los Angeles County<br>Super. Ct. No. SC115235) |

APPEAL, from a judgment of the Superior Court of Los Angeles County, Bobbi Tillmon, Judge.  Reversed with directions.

Law Offices of Ronald N. Richard and Nicholas A. Bravo for Plaintiffs and Appellants.

Ezra Brutzkus Gubner, David Seror, Michael W. Davis for Defendant and Respondent.

_____

Appellants Vladimir and Lisa Syelsky sued Jeffrey Edwards, alleging breach of a promissory note, breach of fiduciary duty, and fraud. After Edwards failed to answer the complaint, the Syelskys obtained entry of default and, subsequently, a default judgment. Edwards moved to set aside both the default and the default judgment. Over the Syelskys's objections, the trial court did so. We reverse, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The Syelskys filed a complaint on December 14, 2011 alleging that they had hired Edwards in 2006 as a loan broker to obtain a line of credit on their residence. In the course of that relationship, they agreed to loan money to him, for which he executed a note, and later a deed of trust. Edwards failed to pay the sums owing, and the property subject to the deed of trust was foreclosed on by the senior beneficiary. The complaint alleged three causes of action for breach of the note, breach of Edwards's fiduciary duty as a broker, and fraud. The Syelskys's attorney personally served the complaint on Edwards on December 16, 2011.

Edwards failed to answer the complaint and on January 23, 2012, only 38 days after service, the Syleskys served and filed a request for entry of default; the court entered the default that same day. On May 1, 2012, the Syelskys sought judgment by default; the court entered the judgment on May 11, 2012.

On November 9, 2012, Edwards moved to set aside the default judgment pursuant to Code of Civil Procedure section 473(b).[1] Edwards included a proposed answer, generally denying the allegations of the complaint, with his pleadings. Edwards asserted that his failure to file an answer was based, in part, on a conversation with the Sylelskys's attorney at the time of service. Edwards stated in his declaration that the attorney had represented that it would be to Edwards's benefit to allow the matter to proceed to judgment, because the complaint was a technicality to allow the Syelskys to collect

---

[1] All further statutory references, unless otherwise noted, are to the Code of Civil Procedure.

2

damages against Edwards's former employer, which would then offset the amounts Edwards owed on the loans.

The Syelskys opposed the motion, arguing both that the motion was untimely and that Edwards had failed to make the necessary statutory showing. In Edwards's reply, he urged the court to consider both the statutory and equitable authority that permitted the relief he sought.

The court heard the matter on March 20, 2013, and granted the motion on March 25, 2013, setting aside the default and the judgment, and ordering the proposed answer deemed filed and served on that date. In its minute order, the court concluded that Edwards had sufficiently demonstrated mistake, inadvertence, and/or excusable neglect to warrant discretionary relief under section 473(b), and that the motion had been timely filed. The Syelskys filed a timely appeal.

**DISCUSSION**

A. Mechanisms for Relief From Default

California law favors the resolution of cases on their merits, rather than by default. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.) The Legislature has provided a statutory mechanism for relief from default in section 473, which provides, in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

We review the trial court's determinations under the statute for abuse of discretion, keeping in mind that "Code of Civil Procedure, section 473 . . . , is remedial in its nature and is to be liberally construed. [Citation.] The policy of the law is to have every litigated cause tried on its merits; and it looks with disfavor on a party who,

3

regardless of the merits of his cause, attempts to take advantage of the mistake, surprise, inadvertence, or neglect [the statute uses the term "excusable neglect"] of his adversary. (14 Cal.Jur. 1075, § 116.)  Reviewing courts have always looked with favor on orders excusing defaults and permitting controversies to be heard on their merits.  Such orders are rarely reversed, and never unless it clearly appears that there has been a plain abuse of discretion.  [Citation.]  Even in a case where the showing under section 473 of the Code of Civil Procedure is not strong, or where there is any doubt as to the setting aside of a default, such doubt should be resolved in favor of the application.  [Citation.]  All presumptions will be indulged in favor of the correctness of the order, and the burden is on the appellant to show that the court's discretion was abused."  (Emphasis added.) *Andres v. Armstrong* (1959) 168 Cal.App.2d 344, 347, *quoting Hover v. MacKenzie* (1954) 122 Cal.App.2d 852, 856.

The statutory scheme imposes on a party the obligation to file a motion for relief in a timely manner, and in any event within six months of the judgment, dismissal, order or proceeding.  (See, *e.g.*, *Huh v. Wang* (2008) 158 Cal.App.4th 1406, 1418-1419 [motion for relief must be procedurally proper, and within time limits].)  Because relief from a default judgment, without relief from the default itself, would be illusory relief, allowing another default judgment to be entered, the time generally runs from the entry of the default, rather than from the time of the judgment.  *Rutan v. Summit Sports, Inc.* (1985) 173 Cal.App.3d 965, 970 (overruled by statute on other grounds, see *Sugasawara v. Newland* (1994) 27 Cal.App.4th 294, 296-297.)

A trial court may also grant relief from default on equitable grounds, even where the statutory requirements have not been met, by finding extrinsic fraud or mistake.  "A judgment against a party may be set aside in equity when it is obtained by extrinsic fraud or mistake.  (See 8 Witkin, Cal. Procedure (4th ed. 1997)  Attack on Judgment in Trial Court, § 223, pp. 727-728; *id.*, § 231, pp. 741-742.)  The 'essential characteristic' of extrinsic fraud 'is that it has the effect of preventing a fair adversary hearing, the aggrieved party being deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense.'''

4

(8 Witkin, *supra*, § 223, p. 727.)  Extrinsic mistake is 'a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits. [Citations.]'"  (*Rappleyea* v. *Campbell*, *supra*, 8 Cal.4th at p. 981.)  "'Relief is denied, however, if a party has been given notice of an action and has not been prevented from participating therein.'"  (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 472.)  (*Parage v. Coudel* (1997) 60 Cal.App.4th 1037, 1044.)

In this case, Edwards has presented evidence that he was affirmatively misled by the Syelskys's lawyer in an attempt to prevent him from challenging the complaint.  He asserts the doctrine of extrinsic fraud applies, and argues that doctrine includes efforts to convince a party not to obtain counsel.  (See *Heymann v. Franchise Mortgage Acceptance Corp.* (2003) 107 Cal.App.4th 921, 926.)  The question is whether the party claiming the relief was "fraudulently prevented from fully participating in the proceeding."  (*Id.*)  This determination is within the discretion of the trial court.

### B.  The Relief Granted Exceeded the Statutory Provision On Which the Court Relied

Here, the motion was filed within six months of the judgment, but almost nine months after the entry of the default.  As the trial court had discretion to view the separate procedures as separate events, it would not have abused its discretion by finding the motion to set aside the default judgment was timely, and addressing the default itself separately.  (*Rutan v. Summit Sports, Inc., supra*, 173 Cal.App.3d at pp. 965, 970 [because the default and the default judgment are separate procedures, one may be set aside without the other under appropriate circumstances].)

The trial court did not do so, however, finding the motion timely without distinguishing between the two events.  The court also did not expressly consider whether there were equitable grounds for relief.  Although Edwards asserts on appeal that the trial court's determination should be affirmed on equitable grounds, the Syelskys assert that argument was waived.  We do not agree with either position.

5

Edwards directed the trial court to *Rappleyea, supra*, in which the Supreme Court recognized that a motion, not timely under the statute, could nonetheless be granted on equitable grounds. "After six months from entry of default, a trial court may still vacate a default on equitable grounds even if statutory relief is unavailable. [Citations.]" 8 Cal. 4th 975, 981. Where, as here, a default judgment has been entered, however, the trial court must find exceptional circumstances to grant equitable relief. *(Id.)* In such a circumstance, the *Rappelyea* court noted, courts have applied a three-part test to determine whether equitable relief may be granted: first, the party seeking relief must show a meritorious defense; second, that party must identify an excuse which the court finds to be satisfactory for the failure to present the defense; and, finally, that party must have acted diligently to set aside the default. (*Id*., 8 Cal.4th 975, 982, citing *Stiles v. Wallace* (1983) 147 Cal.App.3d 1143, 1147-1148 and *In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1071.*)*

The trial court did not, however, make this determination, which necessarily rests on issues of fact. We decline to substitute our judgment for that of the trial court, but instead remand to permit the trial court to consider the evidence and weigh the equities in the first instance. (*See Rutan v. Summit Sports, Inc*., *supra*, 173 Cal. App.3d 965 at p. 974.)

6

## DISPOSITION

We reverse the order setting aside the default and the default judgment, and remand for the trial court to consider the factual showings of each party and to determine whether to exercise its discretion to grant equitable relief.  Each party is to bear its own costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.


WOODS, J.